J-S20003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM HINES, | : | |
| | : | |
| Appellant | : | No. 1245 WDA 2017 |

Appeal from the Judgment of Sentence Entered July 18, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013322-1970

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 03, 2019**

William Hines ("Hines") appeals from the judgment of sentence imposed after he was resentenced pursuant to **_Miller v. Alabama_**, 567 U.S. 460 (2012), and **_Montgomery v. Louisiana_**, 136 S. Ct. 718 (2016).[1,2] We affirm.

In 1970, Hines brutally assaulted, raped, and murdered seventeen-year old Eileen Taylor ("Taylor").  Taylor's nude body was discovered behind a Giant Eagle store, covered in lacerations and bruises.  There were superficial lesions on her throat, bruises on her breasts, and approximately 100 puncture wounds

---

[1] The Supreme Court in **_Miller_** held that sentencing schemes mandating life in prison without parole ("LWOP") for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **_Miller_**, 567 U.S. at 465.

[2] The Supreme Court in **_Montgomery_** held that the **_Miller_** decision announced a new substantive rule of constitutional law that applies retroactively. **_Montgomery_**, 136 S. Ct. at 736.

on the left side of her body. A piece of wood found at the scene, tapered at one end, splintered and sharp, had been forcefully inserted into Taylor, causing severe vaginal mutilation. Police also discovered a stone lodged in the back of Taylor's head, which had fractured her skull and caused it to become concave. An investigation led to Hines's arrest.

On September 29, 1970, Hines, who was 15 years old at the time, pled guilty to criminal homicide. Following a degree of guilt hearing, held on October 2, 1970, the trial court found Hines guilty of murder in the first degree.[3] The trial court sentenced Hines to a mandatory prison term of LWOP. Hines appealed, and our Supreme Court ultimately reversed his conviction, vacated his guilty plea, and remanded for a jury trial. *See Commonwealth v. Hines*, 437 A.2d 1180 (Pa. 1981). In 1982, a jury convicted Hines of murder in the first degree, and the trial court sentenced him to a mandatory prison term of LWOP. This Court affirmed the judgment of sentence, and our Supreme Court denied Hines's Petition for allowance of appeal. *See Commonwealth v. Hines*, 491 A.2d 907 (Pa. Super. 1985).

Hines subsequently filed several unsuccessful Petitions for relief pursuant to the Post Conviction Relief Act ("PCRA").[4] Nonetheless, Hine's most recent PCRA Petition, filed on February 23, 2016, resulted in a resentencing hearing pursuant to *Miller*. After stating on the record its

---

[3] *See* 18 Pa.C.S.A. § 2502(a).

[4] *See* 42 Pa.C.S.A. §§ 9541-9546.

considerations in fashioning the new sentence, the trial court resentenced Hines, on July 18, 2017, to 50 years to life in prison, with credit for time served. Hines filed a timely post-sentence Motion, which the trial court denied. Thereafter, Hines filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Hines raises the following question for our review:

Did the trial court abuse its discretion in imposing a manifestly excessive and unreasonable sentence of 50 years to life [in prison], which far exceeds the minimum term of 35 years under 18 Pa.C.S.[A.] § 1102.1[(a)(1)], which the court is not bound by, but should give due consideration to in this case, and which did not take into account all of the sentencing factors under the [S]entencing [C]ode?

Brief for Appellant at 5.

Hines asserts that the trial court failed to consider all relevant, mitigating factors when it resentenced him in excess of the statutory minimum. Brief for Appellant at 24-25. Specifically, Hines claims that the trial court did not adequately consider, among other things, that

- "he was able to mature, recover mentally and emotionally from the physical abuse he suffered as a child, learn to manage his anger, and understand the impact, risks and consequences of his actions" while he was in prison;

- he began abusing alcohol and illegal substances at age 11, and, until recently, continued to abuse such substances;

- he achieved a degree from Villanova, attended therapy, learned janitorial skills, and became an artist while incarcerated; and

- he had been fully rehabilitated.

*Id.* at 25-26, 30. Additionally, Hines contends that the trial court failed to consider whether his sentence was the "least stringent necessary to protect

- 3 -

the community and to serve [his] rehabilitative needs...." *Id.* at 30. Further, Hines claims that the trial court "failed to give any reasons [to support the sentence,] having regard to the nature and circumstances of the crime and [his] history, character, and condition..." or any other factors "statutorily required under 42 Pa.C.S.A. § 9721(b) or 42 Pa.C.S.A. § 9725." Brief for Appellant at 30-31.

Hines's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Pennington*, 751 A.2d 212, 215 (Pa. Super. 2000) (stating that "[an appellant who] claims his sentence is excessive [] does not challenge its legality; rather, he challenges its discretionary aspects."). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. super. 2010).

> Prior to reaching the merits of a discretionary sentencing issue, it must be determined: (1) whether [Hines] filed a timely notice of appeal, pursuant to Pa.R.A.P. 902 and 903; (2) whether [Hines] properly preserved [the issue] at sentencing or in a motion to reconsider and modify sentence, pursuant to Pa.R.Crim.P. 720; (3) whether [Hines's] brief has a fatal defect, pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, pursuant to 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Schrader*, 141 A.3d 558, 563 (Pa. Super. 2016) (citations omitted).

The record reveals that Hines filed a timely Notice of Appeal, properly preserved the substance of his appeal in a post-sentence Motion, satisfied his

obligation under Pa.R.A.P. 2119(f), and raised a substantial question. **See Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (stating that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citation omitted)). Thus, we will address the merits of Hines's appeal.

Our standard of review in an appeal from the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment, and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

**Commonwealth v. Paul**, 925 A.2d 825, 829 (Pa. Super. 2007) (citation and quotation marks omitted).

Section 9721(b) requires a court to "follow the general principle that the sentence imposed should [be] consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Section 9721(b) also directs the court to consider relevant sentencing guidelines when fashioning a sentence. **Id.**

Section 1102.1(a)(1) requires the imposition of a 35-year minimum sentence for a minor who commits murder in the first degree. 18 Pa.C.S.A.

§ 1102.1(a)(1).  Additionally, Section 1102.1(a)(1) permits the imposition of a life sentence.

Section 9725 provides that a court "shall impose a sentence of total confinement if, having regard to the nature and circumstances of crime[,] and the history, character, and condition of defendant," confinement is necessary because there is an undue risk that the defendant will commit another crime; the defendant needs correctional treatment that would most effectively be offered by commitment to institution; or a lesser sentence would depreciate the seriousness of the crime.  42 Pa.C.S.A. § 9725.

In challenging his sentence, Hines emphasizes that his minimum sentence is greater than 35 years.  Brief for Appellant at 25.  The 35-year sentence mandated by Section 1102.1(a)(1) is a *minimum* sentence.  Section 1102.1(a)(1) authorizes not only a life sentence, but also LWOP, for the crime Hines committed.  Section 1102.1 is inapplicable in this case, as Hines's conviction predates the statute insofar as Section 1102.1 pertains to convictions occurring after June 24, 2012.  Nonetheless, courts should be guided by the relevant sentencing statutes in fashioning a sentence.  **See Commonwealth v. Batts**, 163 A.3d 410, 458 (Pa. 2017); **see also** 42 Pa.C.S.A. § 9721(b).

Hines's sentence of 50 years to life in prison fits squarely within the guidelines provided by Section 1102.1(a)(1).  Accordingly, Hines's argument that his sentence is excessive is without merit.  **See Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004)(providing that a sentence that

- 6 -

falls below the maximum sentence for a crime cannot be excessive). Thus, we cannot afford Hines relief on this basis.

Hines also asserts that the trial court did not give due consideration to his alleged rehabilitation, or other mitigating factors. At the resentencing hearing, Hines presented the testimony of Alice Applegate, Ph.D. ("Dr. Applegate"), a forensic psychologist, who testified that, after completing a psychological evaluation of Hines, she could say that he "has used his many years [in prison] to rehabilitate himself. He is an artist. He has done murals … is a past athlete … and he's become a student. [H]e has used the past 47 years to mature, to change, to grow and to come to this point. He is rehabilitated." N.T., 7/18/17, 34. Additionally, Hines relies on his own testimony that he "grew up," is "sorry for killing the person [he's] in prison for," and doesn't "see [the victim] as an enemy" in order to bolster his position that incarceration is no longer necessary.[5] Brief for Appellant at 30. Hines further contends that the trial court failed to consider the nature and circumstances of the crime, as well as Hines's history, character and condition. Brief for Appellant at 30-31.

The record belies Hines's argument. To the contrary, the trial court considered both the nature of the crime and the impact it had on the victim's

---

[5] We note that although Hines highlights Dr. Applegate's favorable testimony, the trial court also heard testimony from Dr. Applegate as to Hines's recent and continuous "misconducts" at the prison, including raping other inmates, disobeying orders, fighting, possessing a shiv and metal pipe, and using solvents. *See* N.T., 7/18/17, 38.

family. *See* N.T., 7/18/17, 80, 81-82 (wherein the trial court stated that it "considered again the nature of the offense," as well as the testimony from the victim's family as to the "long-lasting effect that this case has had [] on them," and the detailed testimony from the police officer who was at the scene of crime); *see also id.* at 7-15 (wherein the victim's family members testified as to the deep depression of the victim's parents, their undergoing mental health procedures and therapy, the family's eventual relocation outside of the community, and the premature death and job loss of the victim's father following the victim's rape and murder).

The court also considered testimony from Hines's friends and family regarding his changed character, articulable achievements while incarcerated, socio-economic background, and familial upbringing. *See id.* at 80 (wherein the trial court stated that it "has considered [Hines's] age at the time that this offense was committed, [his] culpability for the offense … [and] his ability to change. In evidence [], he's changed. Some of it very positive. Some of it not so positive. It appears that he's made effective use of the time that he spent in prison."); *see also id.* at 81-82 (wherein the trial court stated that it considered Hines's background and achievements outlined in the Memorandum in aid of sentencing, as well as testimony regarding the impact of the case on Hines's family); *id.* at 51 (discussing Hines's personality development); *id.* at 54 (discussing the "racial strife and conflict in Homewood," where Hines was raised); *id.* at 57 (discussing Hines's academic

and artistic advancements); *id.* at 62 (discussing Hines's upbringing and family troubles).

Additionally, the trial court considered both the expert testimony and evaluations of Dr. Applegate. *See id.* at 80-81. Lastly, the trial court reviewed a Memorandum in aid of sentencing, prepared by Hines, and relied on its substance in resentencing Hines. *See id.* at 78 (wherein the court temporarily recessed from the resentencing hearing in order to "go over the Memorandum[,] … [as it was] fairly lengthy with some exhibits"); *see also id.* at 82 (wherein the trial court specifically mentions its consideration of the information contained in Hines's Memorandum).

A review of the record demonstrates that the trial court referenced the appropriate sentencing guidelines, made the requisite inquiries and considerations, including evidence favorable to Hines, and imposed a sentence that not only is appropriate given the seriousness of the crime, but also is clearly permissible under the law. As such, we cannot find that the trial court abused its discretion, and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2019

- 9 -