J-S24028-16

2016 PA Super 121

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD GALE SCHRADER, | |
| Appellant | No. 1537 MDA 2015 |

Appeal from the Order Dated August 11, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):
CP-08-CR-0000078-2015

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD SCHRADER, | |
| Appellant | No. 1538 MDA 2015 |

Appeal from the Judgment of Sentence April 29, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):
CP-08-CR-0000777-2014

BEFORE:  GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

OPINION BY BOWES, J.:                                    **FILED JUNE 14, 2016**

Edward Schrader appeals from the April 29, 2015 judgment of sentence imposing an aggregate term of one year and eight months to six years imprisonment after Appellant tendered guilty pleas to two counts of indecent assault.  Appellant separately appeals the trial court's August 11,

2015 determination that he is a sexually violent predator ("SVP"). We affirm.

The following facts were set forth at the sentencing proceeding and in the affidavits of probable cause.[1] On October 13, 2014, Appellant sexually assaulted his step-granddaughter, E.C., as she slept at the home he shared with his wife, N.S. Sometime during the evening, Appellant walked into E.C.'s bedroom and fondled her. E.C. woke up and Appellant left the bedroom. E.C. told N.S., who then called the child's mother.

Appellant pled guilty to one count of indecent assault of an unconscious person, graded as a misdemeanor of the first degree, 18 Pa.C.S. § 3126(a)(4), and was assessed by the Sexual Offender Assessment Board ("SOAB") in anticipation of sentencing. However, the sentencing/SVP determination was postponed after police discovered that Appellant had previously molested E.C.'s younger sister, S.C., multiple times.[2]

For the crimes against S.C., Appellant pled guilty to a sole count of indecent assault of a person less than 13 years of age, graded as a misdemeanor of the first degree. 18 Pa.C.S. § 3126(a)(7).

---

[1] The guilty plea proceedings are not in the certified record.

[2] E.C. testified that S.C. revealed the molestation to her. E.C. then told her parents, who contacted the police. N.T. Sentencing, 4/29/15, at 47-48.

On April 29, 2015, Appellant was sentenced in both cases. Appellant waived his right to a pre-sentence SOAB assessment. The trial court then imposed an aggravated-range sentence of one to three years of imprisonment at CP-08-CR-0000777-2014. At CP-08-CR-0000078-2015 the court imposed a consecutive term of eight months to three years. Appellant does not challenge this sentence, which was within the standard range of the guidelines. The sentencing court noted that the pre-sentence reports indicated Appellant had received an Accelerated Rehabilitative Disposition ("ARD") for a similar crime against the victims' aunt in 1983. N.T. Sentencing, 4/29/15, at 9. That information was brought to the court's attention by the maternal grandfather. On August 11, 2015, the SVP hearing was held and the court designated Appellant an SVP.

On September 8, 2015, Appellant filed a notice of appeal. He now raises three issues for our review.

> 1. The [c]ourt erred in sentencing [Appellant] in the aggravated range of the sentencing guidelines by considering a prior sexual abuse case that occurred in the 1980[]s and [Appellant] was given an ARD which was later dismissed and expunged from his record.
>
> 2. The [c]ourt erred in sentencing [Appellant] in the aggravated range of the guidelines.
>
> 3. The [c]ourt erred in designating [Appellant] as a sexual violent predator.

Appellant's brief at 3-4.

We first address the timeliness of these appeals. Appellant and the Commonwealth consider the trial court's April 29, 2015 sentence final as of the SVP determination on August 11, 2015. The notice of appeal is timely with respect to the SVP determination. While individuals convicted of a sexually violent offense are required to be assessed by the SOAB before sentencing, Appellant waived that requirement pursuant to *Commonwealth v. Whanger*, 30 A.3d 1212 (Pa.Super. 2011).

However, we have not decided when a defendant who waives the SVP pre-sentence assessment must appeal issues arising prior to the SVP determination. The concurring opinion in *Whanger* outlined the issue we encounter herein: "[T]he question remains whether a similarly situated defendant who has other issues unrelated to his SVP status should await his post-sentence SVP hearing before filing his direct appeal." *Whanger*, 30 A.3d at 1219, n.3 (Bowes, J., concurring). We conclude that where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered.

It is well-settled that an SVP order is a non-punitive collateral consequence of the criminal sentence. *Commonwealth v. Harris*, 972 A.2d 1196, 1201 (Pa.Super. 2009). Appellant's sentencing claims are untimely if the incarceration portion of the criminal sentence became final thirty days after sentencing. Pa.R.Crim.P. 903(a); *Commonwealth v. Lawrence*, 99 A.3d 116, 117, n.1 (Pa.Super. 2014) ("[A] direct appeal in a

criminal case can only lie from the judgment of sentence.") We recognize, however, that "the imposition of SVP status is a **component** of the judgment of sentence even though the ultimate collateral consequences are non-punitive." **Harris**, **supra**, at 1201 (emphasis added).

In **Harris**, we considered when the defendant's judgment of sentence became final for purposes of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. The trial court had sentenced the defendant on January 11, 2002. The Commonwealth then requested an SVP assessment, which the trial court denied. **Id**. at 1198. Subsequently, the defendant appealed his judgment of sentence, and the Commonwealth appealed the trial court's refusal to order an assessment. The defendant's appeal concluded in 2002. The Commonwealth's appeal became final on June 22, 2004, when our Supreme Court reversed and remanded for an SVP hearing. **Id**. at 1199.

The defendant in **Harris** filed a PCRA petition in December of 2004. The **Harris** Court ruled the judgment of sentence became final on September 20, 2004, which was the last day to petition the Supreme Court of the United States for review of the reversal, and thus, the defendant's petition was timely. **Id**. at 1200.

We see no reason to deem the sentence final when the period of incarceration was imposed. As **Harris** noted, an SVP assessment can be used by the sentencing judge as either an aggravating or mitigating factor.

- 5 -

*Id*. at 1201. This fact surely plays a role in plea negotiations. Waiving the pre-sentence SOAB assessment benefits the defendant since the sentencing court can no longer use a negative SVP determination as an aggravating factor.[3] The Commonwealth benefits as the entry of the guilty plea severely limits the grounds for withdrawal.

We find additional support for our conclusion in **Commonwealth v. Deshong**, 850 A.2d 712 (Pa.Super. 2004). In **Deshong**, the Commonwealth and defendant negotiated a guilty plea that included an agreement to "pay restitution as determined by the Fulton County Probation Department, subject to a hearing if requested." **Id**. at 713 (internal quotation marks omitted). Fourteen months after sentencing, the amount of restitution still had not been determined, and the trial court scheduled a hearing. After sentencing—but before the hearing—we issued an opinion holding that restitution must be determined at the time of sentencing if the restitution is imposed as a direct sentence. The trial court, relying on that case, determined it could not modify the restitution at the hearing.

The Commonwealth appealed. While the timeliness of the appeal was not specifically challenged we stated, "Although the judgment of sentence

---

[3] Our holding removes the risk of the SVP determination becoming an aggravating factor but preserves the ability to request a sentence reduction if the SVP determination becomes favorable to the defendant.

was entered in April of 2001, we find that the present order refusing to set restitution acts to finalize the sentence." *Id*. at 714, n.1. **Deshong** pointed to the parties' plea agreement, which called for the possibility of a later restitution hearing. *Id*. at 714. Thus, the sentence was not final until restitution had been determined.[4] Similarly, the parties in this case made the SVP waiver a component of the plea agreement. The agreement was not complete until the SVP determination was made.

Having determined these appeals are timely, we now address Appellant's challenges to his sentence. Appellant first avers that the sentencing court should not have considered his expunged ARD case. Appellant also challenges the court's imposition of an aggravated-range sentence. While Appellant appears to argue that his first issue concerns the sentence's legality, it is clear this allegation pertains to its discretionary

_____

[4] **Deshong** did not specifically determine whether restitution was part of Deshong's criminal sentence. That topic is the subject of debate. **Compare Commonwealth v. Wall**, 867 A.2d 578, 582 (Pa.Super. 2005) ("The imposition of costs and restitution are not considered punishment. Both costs and restitution are designed to have the defendant make the government and the victim whole."), *and* **Commonwealth v. Pleger**, 934 A.2d 715, 720 (Pa.Super. 2007) ("Various characteristics of restitution further illustrate that its true nature is that of a criminal sanction.")

In reaching our conclusion, we cannot and do not disturb the precedent holding SVP status is non-punitive, although our Supreme Court is revisiting the issue. **Commonwealth v. Reed**, 2016 WL 1615779, at *1 (Pa. 2016).

aspects. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super. 2006) (applying discretionary aspects of sentencing test to claim trial judge improperly considered uncharged conduct in imposing sentence).

Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted). As discussed, these appeals are timely. Appellant's brief complies with Pa.R.A.P. 2119(f) by including a separate petition for allowance of appeal. Finally, both allegations of error raise a substantial question. *Commonwealth v. Hyland*, 875 A.2d 1175 (Pa.Super. 2005) (substantial question where appellant alleges court did not consider any mitigating circumstances); *Shugars*, *supra*, at 1274 (claim that sentencing judge relied on impermissible factor presents substantial question). Since we conclude only one claim has been preserved, we address that aspect of the test separately.

- 8 -

Appellant's ARD argument has been preserved. He objected to the victims' references to the expungement and asked the trial court not to consider this information. N.T. Sentencing, 4/29/15, at 45. In addressing Appellant's claim, the trial court's opinion cited the Criminal History Record Information Act ("CHRIA"), 18 Pa.C.S. §§ 9101-9183, and the Commonwealth Court of Pennsylvania's analysis of the CHRIA in **Doe v. Zappala**, 987 A.2d 190 (Pa.Cmwlth. 2009). Appellant distinguishes **Doe** and argues the trial court "had a duty to use a balancing test to determine the interest and harm the [appellant] would suffer in using his prior expunged ARD record[.]" Appellant's brief at 11. We find the CHRIA is irrelevant to this claim.

The balancing test cited by Appellant is inapplicable herein since Appellant was not seeking expungement of any record. CHRIA's balancing test applies only "when faced with a request for expungement of a criminal record[.]" **Commonwealth v. Butler**, 672 A.2d 806, 808 (Pa.Super. 1996) (quoting **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa.Super. 1981)). The countervailing interest of preserving a record is not present in this case. The trial court was permitted to consider relevant facts regarding Appellant's character and history presented by persons with direct knowledge of Appellant's conduct.

> Not only does the caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior

- 9 -

record score inadequately reflects a defendant's criminal background. In 204 Pa.Code § 303.5(d), Adequacy of the Prior Record Score, the sentencing guidelines provide that the court "may consider at sentencing previous convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court."

*Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa.Super. 2006). Sentencing is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of that discretion. *Commonwealth v. McAfee*, 894 A.2d 270, 275 (Pa.Super. 2004). No relief is due.

We next address Appellant's allegation that the trial court did not consider all relevant factors in imposing an aggravated range sentence. Appellant argues that the trial judge did not consider mitigating circumstances, including Appellant's lack of criminal history, his age, his cooperation, and remorse. However, Appellant did not object at the sentencing hearing nor file post-sentence motions.[5] Thus, even though the trial court addressed the claim in its Pa.R.A.P. Rule 1925(a) opinion, it is waived. *Commonwealth v. Tejada*, 107 A.3d 788, 789 (Pa.Super. 2015) (finding defendant's challenge to discretionary aspects of sentencing claim

---

[5] The trial court informed Appellant of his post-sentence motion rights at the conclusion of both the April 29, 2015 sentencing and the August 11, 2015 hearing. N.T. Sentencing, 4/29/15, at 59-60; N.T. SVP Hearing, 8/11/15, at 105-06

waived even though raised in Pa.R.A.P. Rule 1925(b) statement and addressed by trial court).

Even if preserved, the issue lacks merit. A review of the record shows the sentencing court weighed mitigating factors.

> I am going to impose state incarceration. The offense to me is far more serious than being served in a county prison. It's difficult because this defendant, there are many good things about him. His service, military for years. He served in Viet[nam], he worked for PennDot for twenty, twenty-five years. In other ways, he has been a good family person, he's helped a lot of people.
>
> But unfortunately, there's a dark side here that I don't think he is being completely honest about. I do not think that the one incident where he was particularly candid with [E.C.] was one where he was almost caught red-handed, the very same time that the conduct occurred. Where he was not caught red-handed, he still [sic] in denial about [S.C.].
>
> And although I won't consider the ARD case a conviction, I think there was some relevance to it. I did look at a statement he made to the Assessment Board and he blamed that one on, on the youngster, Tricia, that she was out to get him because he made some comments about her sexual life that she was angry about.
>
> So no I don't see that it is a situation where [Appellant] is just coming clean and saying I've got this problem and I am going to be completely candid about it. And that does create a concern for the court in the future.
>
> When you look at all the information, I think he is a serial sex offender and that's sad to say because there are many good qualities about him but unfortunately that is what I call the dark side.

N.T. Sentencing, 4/29/15, at 56-57. Where, as here, the trial court had the benefit of a presentence report, considered the requirements of 42 Pa.C.S.A.

§ 9721(b), and thoroughly explained the reasons for the sentence, we find no abuse of discretion. *See Commonwealth v. Roberts*, 133 A.3d 759, 774-75 (Pa.Super. 2016).

Finally, Appellant attacks his SVP designation. Appellant's brief at 14. First, Appellant maintains the Commonwealth's expert, Paula Brust, improperly relied on a pattern of abusing S.C. in formulating a diagnosis. *Id*. at 17-18. Appellant states these facts are not in the certified record, as Appellant pled guilty to only one incident of molesting S.C.

> [Ms. Brust] found that Appellant suffers from a mental illness, mental disability or mental abnormality based upon the fact that the criminal complaint alleges that over a period of at least six (6) months, recurrent intense sexually browsing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child. However, although the original criminal complaint made these allegations the Appellant was only charged with one count on the formal information filed in the Court of Common Pleas and only admitted to and pleaded guilty to the one count of the information. Yet on the stand while testifying Ms. Brust made it clear that the six (6) month period of alleged sexual assault on the second victim met the criteria for finding mental abnormality to establish a sexual violent predatory behavior. She alleges on page 8 of her March 31, 2015 assessment that Appellant took advantage of the opportunities to be in a dark location (movies) to assault his granddaughter. The evidence to support these allegations are not in the record.

*Id*. at 17. This argument does not attack the sufficiency of the evidence; rather, Appellant is arguing these facts should not have been considered by the SVP assessor. However, this assertion is waived since Appellant failed to

object to the report's admission into evidence.[6]  "Having failed to raise an objection before the trial court, [appellant] cannot now complain that the trial court erred in admitting the evidence, thus such information is properly before this Court when determining the sufficiency of the evidence supporting an SVP determination." *Commonwealth v. Baker*, 24 A.3d 1006, 1034 (Pa.Super. 2011), *aff'd* 78 A.3d 1044 (Pa. 2013).  Furthermore, Appellant fails to recognize the criminal information's sole count encompassed the date range May 8, 2012 to May 18, 2014.

Appellant next contends that the trial court erred in not crediting the testimony of Appellant's expert, Dr. Bruce Chambers.  This allegation was set forth in the Pa.R.A.P. 1925(b) statement but not in a post-sentence motion.  "We discern no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination. A defendant must put the issue before the trial court in the first instance[.]" *Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa.Super. 2011).  The claim is waived, but is meritless in any event.  The trial court's opinion demonstrates the court thoroughly weighed and rejected Dr. Chambers's testimony.

---

[6]    Nor could Appellant plausibly object given his argument that he is "very remorseful, very cooperative in pleading guilty immediately to both cases not putting [sic] the victims through a trial[.]"  Appellant's brief at 13.

In weighing Dr. Chambers' testimony this [c]ourt noted that he had not personally examined or evaluated [Appellant].

Based upon the testimony offered on behalf of the [p]arties, the SVP assessment conducted by Ms. Brust on 31 March 2015, and the written critique of the assessment prepared by Dr. Chambers, this [c]ourt found that the Commonwealth had met its burden of showing by clear and convincing evidence that [Appellant] has been convicted of a sexually violent offense and has a mental abnormality or disorder which makes him likely to engage in predatory sexually violent offenses. In light of this finding, this [c]ourt then designated [Appellant] an SVP subject to the registration requirements of Pennsylvania law.

In making its determination of [Appellant]'s SVP status, this [c]ourt compared and contrasted the assertions of Ms. Brust as reflected in her hearing testimony and her personal interaction with [Appellant] in conducting his SVP assessment, with the observations and opinions advanced by Dr. Chambers in his hearing testimony and written critique of Ms. Brust's assessment. This comparison led this [c]ourt to the conclusion that, although both Ms. Brust and Dr. Chambers were both well qualified to evaluate [Appellant], the nature and weight of the evidence presented by the Commonwealth was sufficient to establish that [Appellant] is an SVP notwithstanding any assertion to the contrary advanced by Dr. Chambers.

In reaching its conclusion, this [c]ourt noted, considered, and ultimately rejected Dr. Chambers' expressed belief that, because psychological testing had not been performed upon [Appellant] as part of his SVP assessment, a valid determination of whether [Appellant] is an SVP could not be made.

In recording its findings upon the record, this [c]ourt explained that it discounted Dr. Chambers' assertions because it believed that Ms. Brust's sexually violent predator assessment of [Appellant], being consistent with the record of the case, Pennsylvania statutory and decisional law, and the Diagnostic and Statistical Manual of Mental Disorders (DSM-V), carried more weight than Dr. Chambers's assertions especially in light of the fact that Pennsylvania law does not require psychological testing of the kind advocated by Dr. Chambers in the instant matter in order for an individual to be designated an SVP.

Trial Court Opinion, 11/4/15, at 8-10 (footnotes omitted).  For the foregoing reasons, we affirm judgment of sentence and SVP determination.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016