J-S79006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN KING | |
| Appellant | No. 1749 EDA 2015 |

Appeal from the Order Entered April 13, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004595-2013

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 21, 2016**

Appellant, Stephen King, appeals from the order entered in the Lehigh County Court of Common Pleas, which classified Appellant as a sexually violent predator ("SVP"). We affirm.

The relevant facts and procedural history of this case are as follows. In July 2013, Appellant began residing with a friend's family. During this time, Appellant masturbated his friend's son ("Victim") while Appellant fondled himself. Victim and another child, who was in the room during the incident, reported the sexual abuse. As a result, the Commonwealth charged Appellant on November 18, 2013, with corruption of minors and indecent assault. On April 29, 2014, Appellant entered a *nolo contendere* plea to indecent assault, and the court ordered the Sexual Offender Assessment Board ("SOAB") to assess Appellant and determine if Appellant

met the criteria for SVP classification. After learning about the potential SVP classification, Appellant filed a motion to withdraw his plea on August 29, 2014. The court subsequently granted Appellant's motion. On October 20, 2014, Appellant again entered a *nolo contendere* plea to indecent assault, and the court immediately sentenced Appellant to time served to twenty-four (24) months' imprisonment. The court ordered the SOAB to assess Appellant and determine if Appellant met the criteria for SVP classification. SOAB member, Dr. Veronique Valliere conducted Appellant's assessment.

The court held a SVP hearing on March 27, 2015, which continued on April 13, 2015, where Dr. Valliere testified on behalf of the Commonwealth. Dr. Valliere testified that her assessment of Appellant revealed Appellant met the diagnostic criteria for other-specified personality disorder. Specifically, Dr. Valliere stated that Appellant exhibits many antisocial and narcissistic traits. Dr. Valliere further opined that Appellant's disorder makes him likely to engage in future predatory behavior. Dr. Robert M. Gordon testified on behalf of Appellant at the SVP hearing. Dr. Gordon stated Appellant has poor impulse control due to his paranoid schizophrenia, but he does not suffer from a personality disorder. Dr. Gordon concluded that Appellant does not meet the criteria for SVP classification. At the conclusion of the April 13, 2015 hearing, the court determined the Commonwealth had proved by clear and convincing evidence that Appellant met the criteria for SVP classification.

On April 23, 2015, Appellant timely filed a motion to reconsider the court's imposition of SVP status, which the court denied on May 14, 2015. On June 12, 2015, Appellant timely filed a *pro se* notice of appeal.[1]  On June 25, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied *pro se* on July 14, 2015.

Appellant raises the following issue for our review:

> [WHETHER APPELLANT'S SVP CLASSIFICATION WAS SUPPORTED BY SUFFICIENT EVIDENCE?]

(Appellant's Brief at 2).[2]

Our standard review of a trial court's SVP designation is as follows:

> [T]o affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear

---

[1]  An appellant has thirty (30) days to file an appeal from a SVP determination.  *See Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa.Super. 2016) (explaining judgment of sentence is not appealable until court renders SVP determination because imposition of SVP status is component of judgment of sentence).  Likewise, a post-sentence motion filed within ten (10) days of the SVP determination tolls the appeal period until the disposition of the post-sentence motion.  Here, Appellant filed his motion to reconsider within ten days of his SVP determination, which tolled the appeal period.  The court ultimately denied Appellant's motion to reconsider on May 14, 2015.  Thus, Appellant's notice of appeal, filed on June 12, 2015, within thirty days of the court's denial of his motion for reconsideration, was timely.

[2]  Appellant filed a counseled brief, but the brief is missing a statement of questions involved as well as a statement of both the scope of review and the standard of review, summary of the argument, and a short conclusion stating the precise relief sought.  *See* Pa.R.A.P. 2111.  Nevertheless, we discern the issue from Appellant's brief.

and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 125 A.3d 1199 (2015) (internal citation omitted).

"After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the [SOAB]." 42 Pa.C.S.A. § 9799.24(a). Section 9799.24(b) provides:

**§ 9799.24. Assessments**

\* \* \*

**(b) Assessment.—**Upon receipt from the court of an order for an assessment, a member of the board…shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.
(ii) Whether the individual exceeded the means necessary to achieve the offense.
(iii) The nature of the sexual contact with the victim.
(iv) Relationship of the individual to the victim.

- 4 -

(v)    Age of the victim.
(vi)   Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
(vii)  The mental capacity of the victim.

(2)    Prior offense history, including:

(i)    The individual's prior criminal record.
(ii)   Whether the individual completed any prior sentences.
(iii)  Whether the individual participated in available programs for sexual offenders.

(3)    Characteristics of the individual, including:

(i)    Age.
(ii)   Use of illegal drugs.
(iii)  Any mental illness, mental disability or mental abnormality.
(iv)   Behavioral characteristics that contribute to the individual's conduct.

(4)    Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

\*    \*    \*

42 Pa.C.S.A. § 9799.24(b).  The SOAB's duty is to assess the defendant; it does not perform an adjudicative function. **Commonwealth v. Kopicz**, 840 A.2d. 342, 351 (Pa.Super. 2003).

"To deem an individual a sexually violent predator, the Commonwealth must first show [the individual] has been convicted of a sexually violent offense as set forth in [section 9799.14]…." **Commonwealth v. Askew**, 907 A.2d 624, 629 (Pa.Super. 2006), *appeal denied*, 591 Pa. 709, 919 A.2d 954 (2007).  **See also** 42 Pa.C.S.A. § 9799.12.  "Secondly, the

Commonwealth must show that the individual has a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." **Askew, supra**. When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's SVP status. **Kopicz, supra** at 351.

The SVP assessment is not a trial or a separate criminal proceeding that subjects the defendant to additional punishment. **Commonwealth v. Howe**, 842 A.2d 436, 445-46 (Pa.Super. 2004). SVP status, therefore, does not require proof beyond a reasonable doubt; the court decides SVP status upon a showing of clear and convincing evidence. **Commonwealth v. Killinger**, 585 Pa. 92, 104, 888 A.2d 592, 600 (2005).

"With regard to the various assessment factors…, there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation." **Commonwealth v. Brooks**, 7 A.3d 852, 863 (Pa.Super. 2010), *appeal denied*, 610 Pa. 614, 21 A.3d 1189 (2011). Thus, "[t]he Commonwealth does not have to show that any certain factor is present or absent in a particular case." **Id.** Moreover, "to carry its burden of proving that an offender is an SVP, the Commonwealth is not obliged to provide a clinical diagnosis by a licensed psychiatrist or psychologist" of a specific personality disorder or mental abnormality. **Commonwealth v. Conklin**,

587 Pa. 140, 158, 897 A.2d 1168, 1178 (2006).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James T. Anthony, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed August 21, 2015, at 3-5) (finding: Dr. Valliere opined that Appellant suffers from personality disorder with antisocial and narcissistic traits and pattern of accusations against Appellant indicates his sexual interest in adolescent boys; after thorough discussion of required statutory factors, Dr. Valliere concluded Appellant suffers from personality disorder that makes him likely to engage in future predatory sexual behavior; defense expert, Dr. Gordon, disagreed with Dr. Valliere's personality disorder assessment; however, Dr. Gordon agreed Appellant presents narcissistic-like egocentricity and antisocial behavior; some of statutory factors weighed in Appellant's favor, but record amply demonstrated Appellant suffers from mental abnormality or personality disorder that makes him likely to reoffend; thus, court concluded Appellant meets criteria for classification as SVP). Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2016