J-S43026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANGEL L. OQUENDO | : | |
| Appellant | : | No. 368 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 6, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003007-2016

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MAY 05, 2020**

Appellant, Angel L. Oquendo, appeals from the Judgment of Sentence rendered final on February 6, 2019, when the trial court entered an Order designating Appellant a sexually violent predator ("SVP").[1]  Appellant asserts that the trial court imposed an illegal criminal sentence when it designated him a SVP using the clear and convincing evidentiary standard.  Our Supreme Court has determined that the clear and convincing evidentiary standard is constitutionally permissible because the registration, notification, and counseling ("RNC") requirements applicable to SVPs do not constitute criminal punishment.  **Commonwealth v. Butler**, --- A.3d ---, 25 WAP 2018, * 1, 16 (Pa. filed Mar. 26, 2020) ("**Butler II**").  Accordingly, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016).

The underlying facts are not in dispute. During the summer of 2014, continuing into 2015, Appellant sexually abused his niece while she was in his care. At the time of the abuse, Appellant's niece was fourteen and then fifteen years old; Appellant was approximately fifty-three years old. *See* N.T. Sentencing, 11/3/16, at 6-7.

In November 2016, Appellant entered a negotiated guilty plea to Statutory Sexual Assault and Endangering the Welfare of Children.[2] In exchange for his plea, the trial court imposed a sentence of five to ten years of incarceration, followed by seven years of probation. *Id.* at 12-13.

The trial court notified Appellant that, as a convicted sexual offender, he was required to register with the Pennsylvania State Police. *See id.* at 13; Notification, 11/3/16. In addition, the court ordered the State Sexual Offenders Assessment Board ("SOAB") to assess whether Appellant met the statutory criteria of a SVP, including whether Appellant suffered from a mental abnormality or personality disorder that makes it likely he will engage in predatory sexually violent offenses. *See* 42 Pa.C.S. §§ 9799.12, 9799.24. After reviewing the expert reports submitted by the parties, on February 6, 2019, the court designated Appellant a SVP. Order, 2/6/19.[3]

_____

[2] 18 Pa.C.S. §§ 3122.1(b), 4304(a)(1), respectively.

[3] There was a considerable delay between Appellant's plea and the court's designation of him as a SVP. We note, however, that Appellant waived his right to a pre-trial assessment by the SOAB and also waived his right to attend a SVP hearing. Further, this Court had suspended SVP assessments pending legislative amendments to ensure the constitutionality of the process. *See infra*.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b)

Statement. The trial court issued a responsive Opinion.

Appellant raises the following issue on appeal:

Whether the sentencing court erred as a matter of law and imposed an illegal increased criminal sentence of registration and counseling pursuant to the Sex Offender Registration and Notification Act [SORNA] . . . when the court, without a jury, found the Commonwealth had met its burden of proving by clear and convincing evidence that Appellant is a [SVP] rather than requiring a jury to make this finding beyond a reasonable doubt. *See Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) [("*Butler I*")] (holding that because SORNA is punitive, *Apprendi* and *Alleyne*[4] require that the factual finding of whether a defendant is a[] SVP must be found beyond a reasonable doubt by the jury).

Appellant's Br. at 6.

Appellant asserts that the trial court imposed an illegal sentence when

it designated him a SVP based upon clear and convincing evidence. *Id.* at 11

(citing *Butler I*).

In *Butler I*, this Court determined that, pursuant to *Commonwealth*

*v. Muniz*, 164 A.3d 1189 (Pa. 2017), a SVP-designation triggered enhanced

RNC requirements constituting punishment. 173 A.3d at 1215-16. We

reasoned that, as punishment, a trial court could not impose these enhanced

requirements absent proof beyond a reasonable doubt that the sexual offender

was likely to engage in predatory sexual offenses. *Id.* at 1217-18 (citing

*Apprendi* and *Alleyne*).

_____

4 *Apprendi v. United States*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

- 3 -

However, the Pennsylvania Supreme Court recently reversed our determination. ***Butler II***, ***supra***, at * 1, 16. The Court distinguished the RNC requirements applicable to all sexual offenders from those enhanced requirements applicable only to SVPs and concluded that the latter were not punitive in effect because the government's primary concern was to protect the public from those individuals found to be "dangerously mentally ill." ***Id.*** at * 15. The Supreme Court held, therefore, that it remains constitutionally permissible to designate an individual a SVP based upon clear and convincing evidence. ***Id.*** at * 1, 16.

We are bound by this recent precedent. ***See Commonwealth v. Morris***, 958 A.2d 569, 580 n.1 (Pa. Super. 2008) (*en banc*). Accordingly, Appellant's claim merits no relief.

Judgment of Sentence affirmed.

President Judge Emeritus Stevens joins the Judgment Order.

President Judge Emeritus Gantman did not participate.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/05/2020