J-S36024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARMELLO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 461 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 30, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001573-2019

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED JANUARY 20, 2022**

Appellant, Carmello Santiago, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his guilty pleas to indecent assault[1] and endangering welfare of children ("EWOC").[2] We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant sexually abused his stepdaughter ("Victim") beginning when the child was nine (9) years old. Victim informed her mother about the abuse when she was thirteen (13) years old, and Victim's mother notified the police.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] 18 Pa.C.S.A. § 4304(a)(1).

During a forensic interview, Victim explained that Appellant would periodically enter her bedroom and pull down her pants and underwear. Appellant would shine his cellular phone's flashlight onto Victim's genitals, and he would touch her genitals with his hand. Appellant also grabbed Victim's breasts. On other occasions, Appellant would ask if Victim would let him look at her, commenting that he did not want Victim to think that his conduct was improper. Victim did not report the abuse sooner because she feared such allegations would break her family apart.

On August 7, 2019, Appellant entered guilty pleas for the offenses of indecent assault and EWOC.

> A Presentence Report was ordered, as well as a Sexually Violent Predator [("SVP")] Assessment. The parties agreed to bifurcate [Appellant's] sentencing from any [SVP] hearing.
>
> On October 30, 2019, [Appellant] was sentenced to not less than eleven and one-half (11½) months nor more than twenty-three (23) months' incarceration on the charge of Indecent Assault. He also received a consecutive period of five (5) years' probation on the charge of [EWOC]. Various conditions of supervision were also imposed, including sex offender counseling.
>
> Pending the receipt of the [SVP] Assessment …, [Appellant] was characterized as a Tier 1 offender. On November 14, 2019, the Commonwealth, upon receipt of the Assessment from the Pennsylvania Sexual Offenders Assessment Board [("SOAB")], filed a *Praecipe* to Determine Registration Status. Due to a variety of factors, including the withdrawal of private counsel, as well as the appointment of the Office of the Public Defender, a hearing on whether [Appellant] would be classified as an SVP was not held until January 25, 2021.

At the SVP hearing, the parties stipulated to the report of Veronique Valliere, Psy.D., who is a member of [SOAB]. Following that report's admission into evidence and the argument of counsel, [Appellant], by clear and convincing evidence, was determined to be [an SVP].

A Notice of Appeal was filed on February 23, 2021.[3] Pursuant to [the trial c]ourt's directive, counsel for [Appellant] then filed a "Concise Statement Of Matters Complained On Appeal" on March 15, 2021.

(Trial Court Opinion, filed March 31, 2021, at 1-2) (internal footnotes omitted).

Appellant now raises one issue for this Court's review:

Whether the [trial] court erred in classifying Appellant as a [SVP] when the Commonwealth failed to provide the clear and convincing evidence necessary for such a classification as per Title 42 Pa.C.S.A. § 9799.24 and, specifically, whether [Appellant] has any mental illness, mental disability, or mental abnormality or properly weighed the factors derived from 42 Pa.C.S.A. § 9799.24?

(Appellant's Brief at 4).

On appeal, Appellant asserts that he pled guilty to a crime triggering an assessment to determine his SVP status. Appellant also concedes that the parties stipulated to the admissibility of Dr. Valliere's report, which opined that Appellant should be classified as an SVP. Specifically, Dr. Valliere's report

---

[3] Regarding the timeliness of the notice of appeal, "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered." **Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa.Super. 2016). Here, Appellant's judgment of sentence did not become final until the trial court entered the January 25, 2021 SVP order. Consequently, Appellant timely filed a notice of appeal within thirty (30) days of that order on February 23, 2021.

determined that Appellant "met the diagnostic criteria for a paraphilic disorder which involves a deviant sexual arousal pattern [to] children…." (*Id.* at 9). Appellant insists, however, that the report did not determine whether this disorder was "treatable." (*Id.* at 10). Appellant maintains that the record is silent regarding whether treatment might allow him to manage the disorder without harming others. Additionally, Appellant emphasizes that he did not participate in an interview with Dr. Valliere, and her "diagnostic opinions were reached without any evaluation of [Appellant] or having the benefit of any psychological or sociological testing or reports."[4] (*Id.*) Based upon the foregoing, Appellant concludes that the Commonwealth did not present clear and convincing evidence that he suffers from the mental abnormality of paraphilia to support his classification as an SVP. We disagree.

Challenges to the sufficiency of the evidence supporting a trial court's SVP designation are governed by the following principles:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

---

[4] On September 26, 2019, Appellant's attorney notified SOAB that Appellant would not participate in an interview. (*See* SVP Assessment, dated 11/6/19, at 2).

- 4 -

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa.Super. 2015), *appeal denied*, 633 Pa. 763, 125 A.3d 1199 (2015) (quoting ***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa.Super. 2011)).  "SVP" is defined as:

> A person who has been convicted of a sexually violent offense … and who is determined to be a sexually violent predator … due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.  In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition … that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.  Moreover, there must be a showing that the defendant's conduct was predatory.  Predatory conduct is defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization.  Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine.  However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

***Commonwealth v. Leatherby***, 116 A.3d 73, 84-85 (Pa.Super. 2015) (quoting ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038-39 (Pa.Super. 2013)).

SOAB evaluators must consider the following factors when performing SVP assessments:

> (1)     Facts of the current offense, including:

(i)     Whether the offense involved multiple victims.

(ii)     Whether the individual exceeded the means necessary to achieve the offense.

(iii)    The nature of the sexual contact with the victim.

(iv)    Relationship of the individual to the victim.

(v)     Age of the victim.

(vi)    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii)   The mental capacity of the victim.

(2)     Prior offense history, including:

(i)     The individual's prior criminal record.

(ii)     Whether the individual completed any prior sentences.

(iii)    Whether the individual participated in available programs for sexual offenders.

(3)     Characteristics of the individual, including:

(i)     Age of the individual.

(ii)     Use of illegal drugs by the individual.

(iii)    A mental illness, mental disability or mental abnormality.

(iv)    Behavioral characteristics that contribute to the individual's conduct.

(4)     Factors that are supported in sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.58(b).

Instantly, Appellant pled guilty to indecent assault, which is a sexually violent offense. *See* 42 Pa.C.S.A. §§ 9799.12, 9799.14. In her report, Dr. Valliere, a SOAB member, addressed all factors set forth in Section 9799.58(b). (*See* SVP Assessment at 5-7). Regarding Appellant's mental abnormality, Dr. Valliere indicated that Appellant "sought sexual gratification from a child repeatedly over the course of years." (*Id.* at 6). Dr. Valliere noted that Appellant's "behavior is diagnostic of a deviant sexual arousal pattern to children," and Appellant "also demonstrated an arousal to the nonconsensual sexual viewing of another, referred to as voyeurism." (*Id.*) Under these circumstances, Dr. Valliere determined that Appellant met the diagnostic criteria for "Other Specified Paraphilic Disorder." (*Id.*)

Dr. Valliere observed that "[p]araphilic disorders are considered lifetime disorders that must be managed, not cured." (*Id.* at 7). Although Appellant's disorder may be managed, the disorder makes Appellant likely to re-offend. (*See id.*) Dr. Valliere emphasized that Appellant repeatedly engaged in sexual behavior with Victim, "[e]ven after she threatened to tell on him, [thereby] revealing the persistence of his deviant interest." (*Id.*)

The trial court analyzed Dr. Valliere's report and determined that it provided clear and convincing evidence to support the SVP designation:

> [Appellant's] "paraphilic disorders" did not arise in a vacuum, but are considered lifetime disorders. His assaults on his stepdaughter were not isolated, but on-going for

years. His voyeuristic compulsion can only be interpreted as a deviant sexual fantasy about his stepdaughter. … Here, [Appellant's] deviant sexual conduct never had an expiration date, and he would have continued to re-offend.

(Trial Court Opinion at 7).

Here, Dr. Valliere's reports confirmed that Appellant suffers from a mental abnormality that makes him likely to re-offend. ***See Leatherby, supra***. Viewing this evidence in the light most favorable to the Commonwealth, the trial court correctly determined that the Commonwealth presented clear and convincing evidence to support Appellant's classification as an SVP. ***See Hollingshead, supra***. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *1/20/2022*