J-S36006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN CARTER | : | |
| | : | |
| Appellant | : | No. 278 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 1, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001836-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY BOWES, J.:                **FILED NOVEMBER 28, 2023**

Justin Carter appeals from the judgment of sentence of time served to twenty-three months of incarceration, followed by two years of probation, following his guilty pleas for corruption of minors and indecent assault.  As his sentence is not yet final, we quash this appeal as interlocutory.

On November 1, 2022, Appellant pled guilty to the above-mentioned crimes related to Appellant sending sexual text messages to the twelve-year-old victim, luring her out of her home, kissing her, and rubbing her inner thigh.  Appellant waived a pre-sentence sexually violent predator ("SVP") evaluation and was sentenced accordingly.  Since he was convicted of a Tier I sexual offense pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), he was required to register as a sex offender for fifteen years.  Additionally, as part of his sentence, he was ordered to undergo an SVP and psychosexual evaluation and to report back for a hearing if he were so

designated. However, the SVP evaluation was not conducted. Instead, on January 20, 2023, Appellant filed a petition pursuant to the Post Conviction Relief Act to have his appellate rights reinstated *nunc pro tunc*. The court granted the petition, and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant sets forth one issue for our consideration:

> Did the lower court err in imposing the registration requirements of Subchapter H of SORNA, 42 Pa.C.S. §§ 9799.10-9799.42 (Act 29) when those registration requirements constitute: (1) a violation of the right to reputation under the Pennsylvania constitution and (2) an illegal sentence in excess of the statutory maximum for [Appellant's] convictions?

Appellant's brief at 3 (cleaned up).

Before reaching the merits of Appellant's issue, we address a request made by the Commonwealth for remand in both its brief and by separate motion. In the motion, the Commonwealth contended that Appellant's appeal was premature and asked this Court to remand for Appellant to undergo the court-ordered evaluations. **See** Motion for Remand, 7/21/23, at 2-3. It also represented that Appellant does not object to a remand for an SVP determination. **Id**. at 3. As the briefs had already been filed at the time of the motion, this Court deferred the matter to the instant panel.

In **Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa.Super. 2016), this Court held as a matter of first impression that "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered." Generally, "a

defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory." ***Commonwealth v. Griffin***, 539 A.2d 1372, 1372 (Pa.Super. 1988) (cleaned up).

Here, Appellant pled guilty and waived a pre-sentence SVP determination. Upon review of the certified record before us, there is no indication that an SVP evaluation was conducted nor that Appellant's SVP status was determined. ***See*** Appellant's brief at 5 n.1 ("[Appellant] waived his right to a pre-sentence determination as to whether he was a[n SVP]. As of the filing of this brief, no determination has been made." (cleaned up); Motion for Remand, 7/21/23, at 2 ("Upon information and belief, to date, these assessments have not been completed.").

Since Appellant's judgment of sentence is not yet final, we quash the instant appeal as premature and remand the record for the court to complete Appellant's sentencing, which includes Appellant undergoing his SVP evaluation and partaking in any hearings flowing therefrom. Once Appellant's SVP proceedings have concluded and his judgment of sentence is final, he may appeal to this Court to challenge both his SVP determination, if any, and the punitive sentence that was imposed on November 1, 2022. ***See Schrader***, ***supra*** at 561 (deeming September 2015 notice of appeal timely as to both April 2015 judgment of sentence and August 2015 SVP determination).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/28/2023