J-S15031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMEL SMITH | : | |
| | : | |
| Appellant | : | No. 2393 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 4, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002824-2022

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 16, 2024**

Appellant, Damel Smith, appeals from the judgment of sentence imposed by the Court of Common Pleas of Bucks County following his plea of *nolo contendere* to indecent assault of a person under 13 years of age and corruption of minors.[1] Appellant argues the trial court erred in designating him to be a sexually violent predator (SVP). After careful review, we affirm.

Appellant was charged in 2022 with indecent assault of a person under 13 years of age graded as a third-degree felony, corruption of minors graded as a third-degree felony, and unlawful contact with a minor for molesting his romantic partner's daughter (Victim) between January 2015 and August 10,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(7) and 6301(a)(1)(i), respectively.

2017, when Victim was 8 to 10 years old and Appellant was in his 30s. The conduct on which these charges were based consisted of Appellant placing Victim's hands on his genitals both inside and outside his clothes and Appellant rubbing Victim's clothed chest and breasts. N.T., 10/4/22, at 18-20.

On October 4, 2022, Appellant entered a *nolo contendere* plea to indecent assault of a person under 13 years of age and corruption of minors, both graded as first-degree misdemeanors, and the Commonwealth *nolle prossed* the unlawful contact with a minor charge. N.T., 10/4/22, at 2-3, 6-20, 39. Following Appellant's plea, the court ordered that Appellant be assessed by the Sexual Offenders Assessment Board (SOAB) to determine whether he should be classified as an SVP under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10, *et seq*. N.T., 10/4/22, at 40; Trial Court Order, 10/4/22. Appellant waived his right to have the determination whether he was an SVP made at the time of sentencing, and the trial court on the same date sentenced Appellant a term of incarceration of time served to 23 months followed by 36 months' probation. N.T., 10/4/22, at 4-6, 38-40.

On August 9, 2023, the trial court held a hearing on whether Appellant should be classified as an SVP at which the SOAB evaluator who assessed Appellant testified. N.T., 8/9/23, at 10-69. Following this hearing, the trial court entered an order on August 16, 2023, finding that Appellant was an SVP.

Trial Court Order, 8/16/23. Appellant timely appealed on September 13, 2023.[2]

In this appeal, Appellant raises the following single issue:

Did the trial court err in designating Appellant as a Sexually Violent Predator, where the Commonwealth failed to establish sufficient evidence that Appellant suffered from a mental abnormality which renders him likely to engage in predatory sexually violent offenses?

Appellant's Brief at 7. Our standard of review of this issue is as follows:

A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary. A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility.

**Commonwealth v. Aumick**, 297 A.3d 770, 776 (Pa. Super. 2023) (*en banc*) (citations and footnote omitted).

A defendant may be determined to be an SVP if he has been convicted of a sexually violent offense and, following an assessment by an SOAB evaluator, the Commonwealth proves by clear and convincing evidence at an SVP hearing that the defendant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually

---

[2] Where, as here, the defendant waives a presentence SVP determination, the judgment of sentence is not final until the SVP determination is made. **Commonwealth v. Moore**, 307 A.3d 95, 99 n.1 (Pa. Super. 2023); **Commonwealth v. Schrader**, 141 A.3d 558, 561-63 (Pa. Super. 2016). Appellant's judgment of sentence therefore became final on August 16, 2023.

violent offenses. 42 Pa.C.S. §§ 9799.12, 9799.24; *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). Appellant's indecent assault conviction is an offense defined by SORNA as a sexually violent offense on which an SVP determination can be based. 42 Pa.C.S. §§ 9799.12, 9799.14(d)(8).

To prove the element of mental abnormality or personality disorder, the Commonwealth must prove that the defendant has a congenital or acquired condition that affects his emotional or volitional capacity in a manner that predisposes him to commit criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. 42 Pa.C.S. § 9799.12; *Hollingshead*, 111 A.3d at 189-90. In addition, it must be shown that the defendant's conduct was predatory. *Commonwealth v. Lawrence*, 313 A.3d 265, 280 (Pa. Super. 2024); *Hollingshead*, 111 A.3d at 190. Predatory conduct is defined as an "act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12.

The SOAB evaluator, who was a licensed clinical psychologist, testified at the SVP hearing that it was her opinion to a reasonable degree of professional and psychological certainty that Appellant met the diagnostic criteria for pedophilic disorder, a disorder in which a person is sexually attracted to prepubescent children and acts on that attraction. N.T., 8/9/23,

at 10-11, 24-25. She further testified that pedophilic disorder is a congenital, lifelong condition, that persons who meet the criteria for diagnosis of pedophilic disorder are more likely to reoffend than other offenders, and that Appellant's pedophilic disorder overrode his emotional and volitional control. *Id.* at 24, 35-36. The SOAB evaluator opined that Appellant's behavior was predatory because he exploited the fact that he was living with Victim's mother to sexually abuse Victim. *Id.* at 36-38, 41. These opinions, found credible by the trial court, Trial Court Opinion at 14, are sufficient to support the trial court's finding that Appellant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses and are therefore sufficient to support its determination that he is an SVP. *Lawrence*, 313 A.3d at 281-82.

Appellant argues that that the SOAB evaluator's testimony was insufficient to prove that he is likely to engage in predatory sexually violent offenses because the evaluator did not adequately opine that Appellant is likely to reoffend and because many of the factors that the evaluator must consider did not support the conclusion that he is likely to reoffend. Neither of these arguments has merit.

Although an expert testifying in support of an SVP designation must opine on whether the defendant has a propensity to reoffend, the likelihood of reoffending is only a factor that must be considered in making the SVP assessment, not a separate element that must be proved for the defendant to

be found to be an SVP. ***Hollingshead***, 111 A.3d at 190, 194; ***Commonwealth v. Morgan***, 16 A.3d 1165, 1169-73 (Pa. Super. 2011). As discussed above, the SOAB evaluator testified that Appellant, as a person who meets the criteria for pedophilic disorder, is more likely to reoffend than persons who do not suffer from that disorder. N.T., 8/9/23, at 36. In addition, she opined that Victim's and Appellant's ages, the fact that the abuse occurred over period of a year or more, and Appellant's exploitation of a relationship of trust pointed to a likelihood that Appellant would reoffend. ***Id.*** at 31, 39-42, 52-54. This testimony is sufficient to satisfy the requirements that the expert opine on the likelihood of reoffending and that the Commonwealth prove that Appellant is likely to engage in predatory sexually violent offenses. ***Lawrence***, 313 A.3d at 282 (evaluator's testimony that an adult male who commits multiple offenses against an underage victim over a multi-year period of time is a higher risk for reoffending and that a person who suffers from pedophilic disorder and who commits multiple offenses over a multi-year period of time is more likely to reoffend than someone who does not suffer from that disorder was sufficient to support SVP designation).

In performing an SVP assessment, the evaluator must consider all of the following factors:

> (1) Facts of the current offense, including:
>
>> (i) Whether the offense involved multiple victims.
>>
>> (ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24(b); *see also Aumick*, 297 A.3d at 777-78, 781; *Hollingshead*, 111 A.3d at 190. The SOAB evaluator testified concerning these factors and considered all of them in reaching her opinions. N.T., 8/9/23, at 38-54. Although she testified that a number of the factors were absent and that some of the factors are not significant in evaluating a person with pedophilic disorder, *id.* at 39-40, 42, 44-45, 51-53, that does not invalidate her opinions. There is no requirement that a particular number of

factors be present for the expert to conclude that the defendant satisfies the requirements for designation as an SVP. ***Commonwealth v. Prendes***, 97 A.3d 337, 358-59 (Pa. Super. 2014), ***impliedly overruled on other issue by Commonwealth v. Hvizda***, 116 A.3d 1103 (Pa. 2015).

For the foregoing reasons, we conclude that the evidence introduced by the Commonwealth at Appellant's SVP hearing was sufficient to support the trial court's SVP designation. Because the lone issue raised by Appellant in this appeal lacks merit, we therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2024