J-S37025-24

2024 PA Super 277

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JORDAN TORRES | : | |
| | : | |
| Appellant | : | No. 3172 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 8, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004574-2022

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

OPINION BY MURRAY, J.:               **FILED NOVEMBER 19, 2024**

Jordan Torres (Appellant) appeals from the judgment of sentence imposed following his negotiated guilty plea to one count each of involuntary deviate sexual intercourse (IDSI) with a child and endangering the welfare of a child (EWOC).[1] After careful review, we affirm.

Between March and April 2021, Appellant forced his seven-year-old cousin, M.C., to perform oral sex on him. These incidents occurred during times when Appellant was responsible for supervising M.C.

Based on the allegations, the Commonwealth charged Appellant, via criminal complaint, with rape of a child and several related offenses. Appellant waived his arraignment.

---

[1] *See* 18 Pa.C.S.A. §§ 3123(b), 4304(a)(1).

On April 28, 2023, Appellant, who was represented by Laurence Narcisi, Esquire (plea counsel), entered a negotiated guilty plea to IDSI with a child and EWOC.[2]  On the same date, the trial court sentenced Appellant, in accordance with the plea agreement, to 5½ to 12 years in prison, followed by three years' probation.[3]  The trial court ordered Appellant to submit to lifetime registration as a Tier III sexual offender under the Sexual Offender Notification and Registration Act (SORNA).  *See* 42 Pa.C.S.A. § 9799.15.  Further, the court directed completion of a sexually violent predator (SVP) evaluation, and stated the Commonwealth would determine whether an SVP hearing would be required.  *See* N.T., 4/28/23, at 21.  On May 1, 2023, the trial court entered an order directing the Sexual Offenders Assessment Board (SOAB) to complete an SVP assessment.

On May 8, 2023, prior to the completion of the SVP assessment, Appellant filed a motion to withdraw his guilty plea.  The trial court issued an order directing Appellant's counsel to file 1) a supplemental motion stating the grounds for the motion with specificity, and 2) a memorandum addressing

_____

[2] The original criminal information graded the EWOC charge as a first-degree misdemeanor.  Pursuant to the plea agreement, the Commonwealth amended the criminal information to grade EWOC as a third-degree felony.

[3] The plea agreement contemplated a 5½ to 15-year prison term with a concurrent probationary term.  Because Appellant was subject to a mandatory 3-year probation term under 42 Pa.C.S.A. § 9718.5, the parties agreed to modify the maximum prison sentence to give Appellant the benefit of his bargain.  *See* N.T., 4/28/23, at 19-20.

whether the motion should be considered a pre- or post-sentence motion to withdraw.[4]  Order, 5/15/23 (citing **Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016) (holding that "where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered")).

Appellant subsequently retained, Laurie R. Jubelirer, Esquire (Attorney Jubelirer), to represent him.  The trial court granted an extension of time for Appellant to file a supplemental motion to withdraw his guilty plea in light of the change in counsel.  On July 2, 2023, Appellant, through Attorney Jubelirer, filed a supplemental motion asserting his innocence.  Additionally, Appellant alleged he had notified plea counsel on April 30, 2023 (the day before the trial court issued its order directing completion of an SVP assessment), that he wished to withdraw his guilty plea.  Appellant also argued plea counsel failed to 1) conduct an investigation of his case, 2) interview witnesses, 3) advise Appellant concerning possible defenses he could raise if he proceeded to trial, 4) discuss potential deportation consequences, and 5) permit him to speak with his mother before deciding whether to plead guilty.  Supplemental Motion to Withdraw Guilty Plea, 7/2/23, ¶¶ 3, 5, 14.  In sum, Appellant states, "no

_____

[4] Presentence and post-sentence motions to withdraw a guilty plea are assessed using different standards.  "Post-sentence motions are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices."  **Commonwealth v. Islas**, 156 A.3d 1185, 1188 (Pa. Super. 2017) (citation and brackets omitted).  By contrast presentence motions to withdraw are more liberally allowed.  **See id.** at 1188-89.

other viable options besides a guilty plea in this matter were discussed with him." *Id.*, ¶ 14.[5] In his accompanying memorandum, Appellant argued his motion should be addressed as a presentence motion to withdraw his guilty plea.

The Commonwealth filed an answer. Therein, the Commonwealth stated the SOAB had completed its assessment of Appellant and determined Appellant does not meet the criteria to be deemed an SVP. The Commonwealth agreed that Appellant's motion to withdraw should be assessed using the presentence motion to withdraw guilty plea standard. Answer, 7/24/23, ¶ 5. However, the Commonwealth argued Appellant's claims were "self-serving and insincere." *Id.*, ¶ 7. The Commonwealth also alleged that Appellant's mother threatened M.C.'s mother the night before the guilty plea hearing, and Appellant should not be permitted to benefit from his family's attempted witness intimidation. *Id.*, ¶¶ 3, 12.

On August 9, 2023, the trial court conducted a hearing on Appellant's motion to withdraw his guilty plea. At that time, the Commonwealth confirmed the SOAB's evaluation "did not indicate a basis for the Commonwealth to proceed with a praecipe to have an SVP hearing." N.T.

---

[5] Appellant attached to his supplemental motion a public reprimand, issued by the Disciplinary Board of the Supreme Court, concerning plea counsel's representation of clients. Supplemental Motion to Withdraw Guilty Plea, 7/2/23, Exhibit A.

(Motion to Withdraw), 8/9/23, at 3. After testimony by Appellant and arguments by counsel, the trial court continued the hearing.

The motion to withdraw hearing resumed on November 8, 2023. During the hearing, the trial court heard testimony from plea counsel, Appellant's mother, Hatfield Police Detective William Steinberg, and Appellant's aunt. At the close of the hearing, the trial court denied Appellant's motion to withdraw his guilty plea. The trial court stated,

> **based upon the Commonwealth's notice that there is not going to be an SVP hearing, this [c]ourt's order and sentence dated April 28th of 2023 is now a final order for purposes of post-sentence motions and appeal.**

N.T., 11/8/23, at 124 (emphasis added). The following day, the trial court entered an order declaring Appellant's sentence final as of November 8, 2023, for purposes of appeal.

On December 5, 2023, Appellant filed a notice of appeal. The trial court subsequently permitted Attorney Jubelirer to withdraw and appointed James F. Berardinelli, Esquire, as appellate counsel. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review:

Did the [trial] court err in denying [Appellant's] motion to withdraw his guilty plea where [Appellant] proffered a plausible claim of innocence which was corroborated by his denial of the allegations when they came to light, the fact that the plea was entered under duress caused by [plea] counsel's lack of preparation, the motive of [M.C.'s] mother to fabricate the allegations to obtain a U-Visa, and [Appellant's] good character[,] and the Commonwealth failed to establish that any prejudice would result from the withdrawal?

- 5 -

Appellant's Brief at 3.

Preliminary, we must address the unique procedural posture of this case, as it implicates both the timeliness of Appellant's motion to withdraw his guilty plea and the timeliness of the instant appeal. **See generally Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction *sua sponte*."); **see also** Pa.R.A.P. 341(a) (permitting appeals from final orders). In a criminal case, an appeal lies from the judgment of sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).

Ordinarily, the "date of imposition of the sentence is the date the sentencing court pronounces the sentence." **Commonwealth v. Green**, 862 A.2d 613, 621 (Pa. Super. 2004) (*en banc*). However, this Court has explained that in cases involving sexually violent offenses, the determination of whether a defendant is an SVP under SORNA is a component of a judgment of sentence. **See Schrader**, 141 A.3d at 561-62 (recognizing that although an SVP designation is a non-punitive collateral consequence of a criminal sentence, it is a component of the judgment of sentence).

Section 9799.24 (Assessments) of SORNA provides: "After conviction but **before sentencing**, a court shall order an individual convicted of a sexually violent offense to be assessed by" the SOAB. 42 Pa.C.S.A. § 9799.24(a) (emphasis added). A defendant may waive his right to a pre-sentence assessment by the SOAB. **See generally Schrader**, 141 A.3d at

561, 563 (explaining the appellant had expressly waived his right to a pre-sentence assessment and SVP determination as part of a negotiated guilty plea); *Commonwealth v. Whanger*, 30 A.3d 1212, 1214 (Pa. Super. 2011) (stating the appellant executed a document waiving his right to a pre-sentence SVP assessment).

Instantly, Appellant entered a negotiated guilty plea to IDSI and EWOC. During the guilty plea hearing, the trial court informed Appellant that he would have to undergo an SVP assessment, and that the SVP determination is a separate proceeding. *See* N.T., 4/28/23, at 14. The court explained that, depending on the SOAB's assessment and recommendation, the Commonwealth would decide whether to praecipe the court for an SVP designation. *See id.*; *see also* 42 Pa.C.S.A. § 9799.24(e)(1) ("A hearing to determine whether the individual is a sexually violent predator shall be scheduled upon the praecipe filed by the district attorney."), (3) ("At the hearing **prior to sentencing**, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." (emphasis added)). Appellant confirmed his understanding of this information. *See* N.T., 4/28/23, at 14-15.

The trial court did not inform Appellant of Section 9799.24(a)'s requirement that the assessment take place **prior to sentencing**, nor did Appellant expressly waive that right during the plea hearing. Moreover, our

review of Appellant's written guilty plea colloquy and the addendum for sexual offenders reveals no written waiver of this right. *But see* N.T. (Motion to Withdraw Hearing), 8/9/23, at 3 (wherein the trial court indicated its understanding that Appellant waived his right for a pre-sentence SVP determination). Though the trial court did not comply with Section 9799.24, Appellant does not challenge this error. We therefore discern no prejudice caused by the post-sentence assessment by the SOAB.

Nevertheless, there remains the question of when or if Appellant's judgment of sentence became final. In *Schrader*, this Court considered the finality of a judgment of sentence where the defendant waives his pre-sentence SOAB assessment as part of a guilty plea. *See* 141 A.3d at 561. The defendant in *Schrader* pled guilty to indecent assault of a person less than 13 years old. *Id.* at 561. As part of the plea agreement, the defendant expressly waived his right to undergo an SOAB assessment prior to sentencing. *Id.* at 561, 563. The trial court sentenced the defendant immediately after accepting his guilty plea. *Id.* at 561. Several months later, the trial court conducted an SVP hearing, after which it designated the defendant an SVP. *Id.*

The defendant appealed, challenging the discretionary aspects of his sentence, as well as his SVP designation. *Id.* Before considering the merits of the defendant's claims, this Court considered whether the defendant timely filed his appeal. We concluded that "where a defendant pleads guilty and

waives a pre-sentence SVP determination, **the judgment of sentence is not final until that determination is rendered**." ***Id.*** (emphasis added).

Though ***Schrader*** is not directly applicable to the instant case, it is instructive. Instantly, Appellant entered his guilty plea on April 28, 2023. As we previously stated, at that time, Appellant was informed that he would be required to undergo an assessment to determine whether he met the requirements to be classified as an SVP. On May 1, 2023, the trial court entered an order directing the SOAB to complete an assessment. Section 9799.24(d) directs that the SOAB "shall have 90 days from the date of conviction of the individual to submit a written report containing its assessment to the district attorney." 42 Pa.C.S.A. § 9799.24(d).

Shortly thereafter, on May 8, 2023, Appellant filed his motion to withdraw his guilty plea. Because Appellant filed the motion well before the time within which the SOAB was required to complete an SVP assessment, we conclude Appellant's judgment of sentence was not final at the time he filed the motion. Therefore, the trial court properly addressed Appellant's motion as a pre-sentence motion to withdraw his guilty plea.

We now turn to the issue of whether Appellant's notice of appeal lies from a final judgment of sentence. Unlike in ***Schrader***, the trial court never conducted an SVP hearing or determined whether Appellant meets the requirements for SVP designation.

Regarding SVP hearings, Section 9799.24(e)(1) instructs that an SVP hearing "shall be scheduled upon the praecipe filed by the district attorney." 42 Pa.C.S.A. § 9799.24(e)(1). Therefore, while Section 9799.24 requires the trial court to order completion of an SVP assessment, it does not require the Commonwealth to proceed with an SVP hearing. *See id.*; *see also Commonwealth v. Baird*, 856 A.2d 114, 118 (Pa. Super. 2004) (stating that "the district attorney decides whether to file a praecipe for a hearing whereby the court will determine if an offender meets the SVP criteria….").[6]

> In other words, an SVP hearing does not automatically occur after receipt of the SOAB report, … but, rather, **the district attorney decides whether to pursue the SVP classification by filing, or not filing, a praecipe for an SVP hearing.** Thus, if the district attorney does not file a praecipe, then there would be no SVP determination hearing.

*Baird*, 856 A.3d at 118 (emphasis added).

Here, the Commonwealth did not praecipe for an SVP hearing. Indeed, the Commonwealth stated during the first motion to withdraw hearing that, based on the SOAB's evaluation, it would not praecipe for an SVP hearing. N.T., 8/9/23, at 3. We would conclude Appellant's judgment of sentence became final at the time the Commonwealth provided notice that it would not

---

[6] We note that in *Baird*, this Court addressed the process for determining whether an offender met the SVP criteria under Megan's Law rather than SORNA. The statutory provision discussed in our above citation to *Baird*, 42 Pa.C.S.A. § 9795.4(e)(1) (expired Dec. 20, 2012, pursuant to 42 Pa.C.S.A. § 9799.41), contains identical language to current Section 9799.24(e)(1). Therefore, the *Baird* Court's discussion of the SVP procedure remains instructive.

pursue an SVP designation, as that notice effectively finalized the SVP component of Appellant's sentence. However, as we have determined the trial court properly considered Appellant's motion as a **pre-sentence** motion to withdraw his guilty plea, the court was required to complete the motion to withdraw hearing and dispose of the motion. Thus, we agree with the trial court that Appellant's judgment of sentence became final on November 8, 2023. At that time, the court had rendered a decision on Appellant's motion to withdraw, and both the sentence and SVP determination (in this case, the Commonwealth's notice that it would not pursue an SVP hearing) had been entered. We therefore conclude Appellant's December 5, 2023, notice of appeal was timely filed.

Having concluded Appellant's timely filed his appeal, we turn to the merits of his claim. Appellant argues he promptly filed his motion to withdraw 10 days after pleading guilty. Appellant's Brief at 17. Appellant claims plea counsel "bullied" him into pleading guilty by presenting no other options other than the plea. *Id.* at 18.

> Moreover, through new counsel, [Appellant] articulated a plausible defense strategy that he wished to pursue, namely, contending that the allegations against him had been fabricated by [M.C.'s] mother to enable her to obtain a U-Visa….

- 11 -

*Id.*[7]  Appellant maintains he is innocent of the charged offenses.  *Id.* at 18-19.  Additionally, Appellant contends the Commonwealth did not establish it would suffer prejudice if Appellant withdrew his plea.  *Id.* at 19.

"It is well[ ]settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (citation omitted); *see also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty….").

Pre-sentence motions to withdraw should be liberally allowed.  *See* Pa.R.Crim.P. 591, cmt. ("After the attorney for the Commonwealth has an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed."); *see also Islas*, 156 A.3d at 1187-88.

> In determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice.  If the trial court finds "any fair and just reason[,"] withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

---

[7] A U-Visa "is a temporary legal status offered to victims of … specified crimes who have cooperated, or are likely to cooperate, in the investigation and prosecution of those crimes." *Commonwealth v. Hernandez*, 242 A.3d 452, 425 WDA 2019 (Pa. Super. 2020) (unpublished memorandum at 3 n.1) (citing *Contreras Aybar v. Sec'y United States Dep't of Homeland Sec.*, 916 F.3d 270, 272 (3d Cir. 2019)); *see also* Pa.R.A.P. 126(b) (providing that we may consider, for persuasive value, unpublished memoranda filed after May 1, 2019).

*Islas*, 156 A.3d at 1188 (brackets and citation omitted). Further, "when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (citation and quotation marks omitted).

We first observe that Appellant's original motion to withdraw his plea did not include even a bare assertion of innocence. *See* Motion to Withdraw Negotiated Guilty Plea, 5/8/23. In fact, the motion to withdraw merely alleges that Appellant informed plea counsel he wished to withdraw his plea, and that plea counsel advised him against doing so. *See id.*

Appellant first asserted his innocence in his supplemental motion to withdraw. *See* Supplemental Motion to Withdraw Guilty Plea, 7/2/23, ¶¶ 13-14. During the motion to withdraw hearing, Appellant stated he was innocent of the charges against him. N.T., 8/9/23, at 15. As the trial court stated, "[Appellant] attempted to support a claim of innocence by testifying, *inter alia*, that he had lied under oath at the guilty plea hearing when he admitted to having forced his minor cousin to perform oral sex on him." Trial Court Opinion, 2/5/24, at 12. Appellant did not identify any additional evidence to support his innocence, nor did he establish that he maintained his innocence from the time the case was initiated. *See Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 (Pa. 2015) (stating that "a bare assertion of innocence

- 13 -

is not, in and of itself, a sufficient reason to require a court" to grant a presentence motion to withdraw a guilty plea).

Appellant identifies several additional arguments, which he believes support his claim of innocence. In general, Appellant argues 1) plea counsel failed to investigate possible defenses, including a possible motive—*i.e.*, the opportunity to obtain a U-Visa—for family members to fabricate the allegations against him; 2) he was unable to discuss with plea counsel the possible deportation consequences of pleading guilty; and 3) he was not given the opportunity to speak with his mother before entering the plea. We observe that portions of Appellant's arguments would be better suited for analysis under the post-sentence motion to withdraw guilty plea context or through a petition under the Post Conviction Collateral Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Nevertheless, the trial court addressed these arguments and concluded Appellant failed to present a fair and just reason warranting the withdrawal of his guilty plea. Trial Court Opinion, 2/5/24, at 10. The trial court reasoned:

> [Appellant] was a 20-year-old high school graduate at the time he entered into a negotiated guilty plea. [Appellant] stated he understood the presumption of innocence and that he had the right to a trial where he could challenge witnesses, present witnesses and where the Commonwealth would have to prove all the elements of the charged crimes to 12 individual jurors beyond a reasonable doubt. [Appellant] further affirmed that he had discussed with his attorney the potential immigration consequences of his plea, including deportation. He indicated he was satisfied with [plea counsel's] representation and that he had no questions for [plea] counsel or the court before pleading guilty. [The trial] court further advised [Appellant] that he did not have

to accept the factual basis and plead guilty, but [**Appellant**] **nevertheless admitted under oath that he forced his then seven-year-old cousin to perform oral sex on him**. [Appellant] also executed a written guilty plea colloquy in which he affirmed that he was satisfied with [plea counsel's] representation, that he had had sufficient time to talk with his attorney before deciding to plead guilty[,] and that he understood the possible immigration consequences of his guilty plea.

At the subsequent hearing on his motion to withdraw his plea, [Appellant] attempted to support a claim of innocence by testifying, *inter alia*, that he had lied under oath at the guilty plea hearing when he admitted to having forced his minor cousin to perform oral sex on him. [The trial] court did not abuse its discretion in finding [Appellant] did not demonstrate a fair and just reason to withdraw the guilty plea based on his incredible, self-serving testimony that he lied before but [i]s telling the truth now.

Conversely, the Commonwealth presented the transcript from [Appellant's] preliminary hearing, at which [M.C.] testified. Plea counsel, who had the opportunity to cross-examine [M.C.] at the proceeding, testified to his impressions of [M.C.] and the impact [her] testimony could have at trial. Plea counsel's credible testimony on these points presented a further basis for this court to find no plausible claim of innocence.

[Appellant] seems to suggest in his [Rule 1925(b)] concise statement, however, that his claim of innocence is supported by his having denied the allegations when they first came to light. He did not assert in his original or supplemental motion, however, that he had denied the allegations when they first came to light. [Appellant] further had a full and fair opportunity to testify at the August 9, 2023, motion hearing and did not make any such claim. …

Trial Court Opinion, 2/5/24, at 11-12 (citations to record omitted).

Moreover, during his guilty plea colloquy, Appellant expressly confirmed he had discussed with plea counsel the potential impact of pleading guilty on his immigration status. N.T., 4/28/23, at 8. During the first motion to

withdraw hearing, Appellant initially testified that plea counsel had never spoken with him about the possibility of deportation. N.T., 8/9/23, at 16. During cross-examination, Appellant conceded his prior acknowledgement that counsel discussed with him the deportation consequences, and stated his previous testimony was truthful. *See id.* at 30-32, 35-36, 38-40. At the second motion to withdraw hearing, plea counsel testified he and Appellant had discussed "the immigration implication[.]" N.T., 11/8/23, at 37. The trial court credited plea counsel's testimony. Trial Court Opinion 2/5/24, at 15.

Regarding Appellant's claim that M.C.'s mother fabricated the report of sexual conduct in order to obtain a U-Visa, the trial court reasoned:

> [Appellant] utterly failed to demonstrate a basis for this court to credit that claim, presenting nothing but bald speculation about such an alleged motivation. In contrast, evidence presented at the motion hearing demonstrated that the incidents were not reported to law enforcement by [M.C.] or her family in the first instance; [M.C.] told a friend at school, which eventually led to the school making the initial report. Plea counsel, moreover, testified credibly to his impressions of [M.C.] as a witness at the preliminary hearing, to his understanding of the U-Visa process[,] and to the reasons why he did not believe it presented a plausible defense. [Plea counsel] also testified credibly that he had discussed the issue with [Appellant], along with other possible defenses, and that [Appellant] nevertheless made the decision to plead guilty.

*Id.* at 15-16 (citations to record omitted).

The trial court further rejected Appellant's contention that plea counsel "bullied" him into entering a guilty plea:

> [Appellant] … asserted that his claim of innocence is corroborated by his claim that he entered into a negotiated guilty plea under duress occasioned by plea counsel's alleged lack of

- 16 -

preparation.[FN]  As an initial matter, … [Appellant] testified under oath at the guilty plea [hearing] that he understood the presumption of innocence and that he had the right to a trial where he could challenge Commonwealth witnesses.  [Appellant] indicated he was satisfied with [plea counsel's] representation and that he had no questions for counsel or the court before pleading guilty.  [Appellant] also executed a written guilty plea colloquy in which he affirmed that he was satisfied with [plea counsel's] representation and that he had had sufficient time to talk with his attorney before deciding to plead guilty.

---

[FN] To the extent [Appellant's] claims sound in allegations of plea counsel ineffectiveness, they must await post-conviction proceedings.  **See Commonwealth v. Rosenthal**, 233 A.3d 880, 886 (Pa. Super. 2020) (citations omitted).

---

This court did not credit [Appellant's] subsequent, self-serving testimony to the contrary at the motion [to withdraw] hearing and, in any event, it did not support a plausible claim of innocence.  Rather, this court found credible plea counsel's extensive testimony at the motion hearing about his discussions with [Appellant] and that [Appellant] ultimately made the decision to plead guilty.  This court, therefore, properly found that [Appellant] did not assert a plausible claim of innocence or a fair and just reason to withdraw his plea.  Instead, [Appellant] was informed of the evidence against him, the advantages and risks of going to trial or entering a guilty plea[,] and the possible defenses he could present.

**Id.** at 16-17 (footnote in original; some citations omitted).

The trial court's conclusions are sound, and its credibility determinations are supported by the record.  **See Norton**, 201 A.3d at 121 (stating that, in exercising its discretion over a pre-sentence motion to withdraw a guilty plea, a trial court must "make credibility determinations that are supported by the record").  We agree with the trial court's conclusion that Appellant's arguments do not support a plausible claim of innocence.

Based upon the foregoing, the trial court did not abuse its discretion in denying Appellant's presentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024