J-S22012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOAH RICHARD RUHL-FLERX | : | |
| | : | |
| Appellant | : | No. 1230 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001481-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOAH RICHARD RUHL-FLERX | : | |
| | : | |
| Appellant | : | No. 545 MDA 2025 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002439-2021

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: JULY 22, 2025**

Noah Richard Ruhl-Flerx appeals[1] from the order, entered in the Court

of Common Pleas of Lancaster County, dismissing as untimely his petition filed

---

[*] Former Justice specially assigned to the Superior Court.

[1] Ruhl-Flerx initially filed a single pro se notice of appeal containing both trial
court docket numbers, in contravention of the dictates of ***Commonwealth v.***
*(Footnote Continued Next Page)*

under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 3, 2022, Ruhl-Flerx entered a negotiated plea of guilty to rape of a child and other related offenses. That same day, the trial court sentenced him to an aggregate term of 13 to 30 years' incarceration. On November 4, 2022, the trial court determined Ruhl-Flerx to be a sexually violent predator ("SVP"). Ruhl-Flerx filed neither post-sentence motions nor a direct appeal.

On December 22, 2023, Ruhl-Flerx filed a pro se motion for reinstatement of his direct appellate rights, nunc pro tunc. The trial court denied the motion on December 28, 2023. Ruhl-Flerx appealed to this Court. On February 5, 2024, the trial court issued orders directing Ruhl-Flerx to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and appointing Chris Lyden, Esquire, to represent him.

On February 6, 2024, this Court issued an order noting that Ruhl-Flerx "is appealing from the . . . order dismissing what appears to be [his] first PCRA petition. However, there is no indication . . . that counsel was ever appointed to represent [Ruhl-Flerx in connection] with the PCRA petition." Order,

---

*Walker*, 185 A.3d 969 (Pa. 2018) (requiring appellants file separate notices of appeal when single order resolves issues arising on more than one trial court docket). At the direction of this Court, court-appointed counsel filed two amended notices of appeal, each listing a single trial court docket number; this Court assigned a new docket number to the second notice of appeal. By order dated May 20, 2025, we sua sponte consolidated the appeals. *See* Pa.R.A.P. 513.

- 2 -

2/6/24, at 1 (unpaginated). Accordingly, we directed the trial court to take the following action:

> Prior to the transmission of the certified record and within 30 days of the date of this [o]rder, the PCRA court is DIRECTED to clarify whether the instant PCRA petition was [Ruhl-Flerx's] first PCRA petition filed at this docket number, and if so, whether [Ruhl-Flerx] waived his right to court-appointed counsel. If the instant petition constituted [Ruhl-Flerx's] first PCRA petition and [he] did not waive his right to counsel, the PCRA court is DIRECTED to appoint counsel to represent [him], and the PCRA court shall notify this Court in writing forthwith so that the December 28, 2023 order can be vacated and the case remanded for further proceedings consistent with the PCRA. If [Ruhl-Flerx] previously filed a PCRA petition at this docket number, or if [he] waived his right to counsel for the instant petition, the PCRA court shall notify this Court in writing forthwith so that the appeal may proceed.

Order, 2/6/24.

In response to this Court's order, on February 26, 2024, the trial court purported to vacate its December 28, 2023 order denying Ruhl-Flerx's motion for reinstatement of his direct appellate rights and indicated that it would treat the motion as filed under the PCRA. The court granted Ruhl-Flerx an additional 60 days to file an amended PCRA petition. In an order dated March 1, 2024, this Court noted that the trial court had appointed counsel and granted him additional time to determine whether Ruhl-Flerx's claims had merit and to take appropriate action. Accordingly, we vacated the December 28, 2023 order and remanded the case for further proceedings.

On April 8, 2024, Attorney Lyden filed an amended PCRA petition seeking reinstatement of Ruhl-Flerx's direct appellate rights. On May 24, 2024, the Commonwealth filed an answer to the petition, asserting that Ruhl-

- 3 -

Flerx's petition was untimely and he did not plead or prove an exception to the PCRA time bar.[2]  On May 28, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Ruhl-Flerx's petition, agreeing with the Commonwealth that the petition was untimely and that Ruhl-Flerx failed to plead and prove an exception.  Ruhl-Flerx did not file a response to the Rule 907 notice.  On August 2, 2024, the court dismissed the petition.

On August 26, 2024, Ruhl-Flerx filed a timely pro se notice of appeal.[3] That same day, the PCRA court directed Ruhl-Flerx to file a Rule 1925(b)

_____

[2] Section 9545(b)(1) of the PCRA provides as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

[3] Although it appears that Ruhl-Flerx was still represented by Attorney Lyden at the time he filed his pro se notice of appeal, *see infra*, at n.3, we note that
*(Footnote Continued Next Page)*

statement. On October 17, 2024, the PCRA court entered an order appointing Kristen Weisenberger, Esquire, as counsel.[4] Attorney Weisenberger requested an extension of time within which to file a Rule 1925(b) statement, which she ultimately filed on November 12, 2024.[5] Ruhl-Flerx now raises the following claim for our review:

> Whether the [PCRA] court erred in denying [Ruhl-Flerx's] PCRA petition in finding it was untimely filed without a hearing where [Ruhl-Flerx] alleged he requested an appeal be filed and counsel of record failed to file a post-sentence motion or notice of appeal.

Brief of Appellant, at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

---

a pro se notice of appeal is not barred by the rule against hybrid representation. *See Commonwealth v. Williams*, 151 A.3d 621, 623-24 (Pa. Super. 2016) (pro se notice of appeal treated differently than other filings implicating hybrid representation rule and must be docketed in spite of rule).

[4] The certified record is silent as to when or why Attorney Lyden withdrew his appearance.

[5] Ruhl-Flerx's Rule 1925(b) statement is not contained in the certified record. However, the PCRA court notes in its opinion that the concise statement was filed on November 12, 2024, and a time-stamped, filed copy is annexed to Ruhl-Flerx's brief as Appendix A.

Prior to addressing Ruhl-Flerx's appellate claim, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, it lacked jurisdiction to consider its merits. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at subsections 9545(b)(1)(i), (ii), and (iii), is met. A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. *See id.* at § 9545(b)(2).

Here, the trial court sentenced Ruhl-Flerx on March 3, 2022, and, on November 4, 2022, the court found him to be an SVP.[6] Ruhl-Flerx did not file a direct appeal. Accordingly, his judgment of sentence became final on December 4, 2022, at the expiration of the 30-day period for filing an appeal with this Court. *See id.* at § 9543; Pa.R.A.P. 903 (appeal shall be filed within 30 days of entry of order from which appeal taken). Thus, Ruhl-Flerx had until December 4, 2023, to file a timely PCRA petition. Ruhl-Flerx's pro se

_____

[6] Where a defendant waives the right to a pre-sentence SVP determination, his sentence is not final until such a determination is made. *See Commonwealth v. Schrader*, 141 A.3d 558, 562-63 (Pa. Super. 2016).

motion for reinstatement of his direct appellate rights was filed on December 22, 2023, 18 days after the time for filing a PCRA petition expired. Accordingly, Ruhl-Flerx's petition is patently untimely. Thus, unless Ruhl-Flerx has satisfied his burden of pleading and proving that one of the enumerated exceptions applies, the PCRA court lacked jurisdiction to consider his petition. *See Lawson*, 90 A.3d at 5.

Here, Ruhl-Flerx failed to even acknowledge, much less plead and prove, any of the exceptions enumerated in subsection 9545(b)(1) of the PCRA, either in his pro se filing or his counseled amended PCRA petition. Accordingly, the PCRA court properly concluded that it lacked jurisdiction to consider Ruhl-Flerx's petition. *Lawson*, *supra*.

Order affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/22/2025