J-A17025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT VAN JOHNSON | : | |
| | : | |
| Appellant | : | No. 614 WDA 2024 |

Appeal from the Judgement of Sentence Entered November 17, 2016,
Made Final by the Order Entered April 16, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003593-2016

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: October 23, 2025**

Vincent Van Johnson ("Johnson") appeals from the order designating him a sexually violent predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA").[1] After careful review, we affirm.

Briefly, the following facts were set forth in the affidavit of probable cause for the complaint.[2] In 2016, when Johnson was thirty-six years old, he

---

[1] **See** 42 Pa.C.S.A. §§ 9799.10 to 9799.95. **See also** 42 Pa.C.S.A. §§ 9799.10(4) (applying Subchapter H to an offender who committed a sexually violent offense on or after December 20, 2012), 9799.12 (defining a "[s]exually violent predator" as "[a]n individual who committed a sexually violent offense . . . or an attempt, conspiracy or solicitation to commit a sexually violent offense under the laws of this Commonwealth on or after December 20, 2012, who is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses").

[2] The certified record transmitted on appeal does not include the guilty plea proceeding documents.

sexually assaulted the thirteen-year-old niece of his pregnant girlfriend. New Kensington Police charged Johnson with statutory sexual assault, indecent assault, corruption of minors, unlawful contact with minor, and criminal use of a communication facility.[3]

On November 17, 2016, Johnson entered a negotiated guilty plea to corruption of minors, a felony of the third degree and a Tier I offense, which triggered a fifteen-year registration period under SORNA. *See* 42 Pa.C.S.A. §§ 9799.14(b)(8) (classifying corruption of minors as a Tier I sexual offense), 9799.15(a)(1) (requiring an individual convicted of a Tier I sexual offense to register for a period of fifteen years). This conviction also required the trial court to order the Sexual Offender Assessment Board ("SOAB") to evaluate Johnson for classification as an SVP. *See* 42 Pa.C.S.A. §§ 9799.12 (defining a "sexually violent offense" as, *inter alia*, an offense designated as a Tier I sexual offense committed on or after December 20, 2012), 9799.24(a) (providing that "a court shall order an individual convicted of a sexually violent offense to be assessed by the board"). In exchange for Johnson's plea, the Commonwealth withdrew the remaining charges against him.

As part of his plea agreement, Johnson and his counsel executed a document titled "Guilty Plea Petition (Megan's Law as Amended)" ("plea agreement") form. In that document, Johnson acknowledged that he had read, understood, and voluntarily agreed to its terms. *See* Plea Agreement,

---

[3] *See* 18 Pa.C.S.A. §§ 3122.1(a)(2), 3126(a)(8), 6301(a)(1)(ii), 6318(a)(1), 7512(a).

11/17/16 at 1-7. Specifically, Johnson acknowledged understanding the law requires that before sentencing, the trial court must order an SVP assessment. *See id*. at 6.

On that same date, the trial court sentenced Johnson, pursuant to the plea agreement, to eleven and one-half to twenty-three months' incarceration. The trial court ordered Johnson to submit to the fifteen-year period of registration as a Tier I sexual offender under SORNA. The trial court did not make an SVP determination at that time. Instead, the trial court docket reflected that the trial court entered an order directing the SOAB to complete an SVP assessment. Significantly, the docket entry and the sentencing order for November 17, 2016, stated: "[Johnson] waives SORNA prior to entry of trial [*sic*]." Docket, 9/11/24, at 10; *see also* Order of Court/Sentence, 11/17/16. Johnson did not file any post-sentence motion, and we note he did not challenge the timing of the SVP assessment. He also did not file a direct appeal at that time.[4]

The SOAB completed the assessment of Johnson in January 2017, two months after sentencing. *See* 42 Pa.C.S.A. § 9799.24(d) (providing that SOAB "shall have [ninety] days from the date of conviction of the individual to submit a written report containing its assessment to the district attorney"). Thereafter, in February 2017, the Commonwealth filed a praecipe requesting the trial court to schedule an SVP determination hearing. *See* 42 Pa.C.S.A. §

---

[4] Johnson's plea agreement also fully informed him of his right to appeal. *See* Plea Agreement, 11/17/16, at 7.

9799.24(e)(1) (instructing that an SVP hearing "shall be scheduled upon the praecipe filed by the district attorney"). The trial court first scheduled a May 2017 SVP hearing, but several court-approved continuances followed. On November 16, 2017, the trial court entered an order delaying the SVP hearing due to the then-controlling Superior Court decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*), which found SORNA's SVP framework unconstitutional.[5] Following the Pennsylvania Supreme Court's decision in *Commonwealth v. Butler*, 226 A.3d 972 (Pa. 2020) (*Butler II*), which reversed *Butler I*, the trial court scheduled Johnson's SVP determination hearing for December 4, 2020 — more than four years after his sentencing.

The trial court ultimately held an initial SVP hearing on November 5, 2021. The SOAB assessor testified in support of her opinion that Johnson met the statutory criteria for an SVP. Subsequently, Johnson requested several continuances to obtain medical records from his doctor, and he received them in December 2023. Upon Johnson's request for a hearing to close the record and conclude the SVP proceedings, the trial court conducted a second SVP hearing on March 15, 2024.

---

[5] In the interim, on May 4, 2018, the trial court revoked Johnson's parole and resentenced him. That same day, the court issued an order stating, "Case to close upon completion treatment." Order, 7/2/18, at unnumbered 1. The certified record does not provide any explanation regarding the treatment Johnson was required to complete. Subsequently, on July 2, 2018, the trial court issued another order to "close interest [in the case,]" but again, the certified record does not provide any further explanation.

- 4 -

During the SVP hearings, Johnson did not raise any objection to the trial court holding the SVP hearing after his sentencing. On April 16, 2024, the trial court entered an order designating Johnson as an SVP, accompanied by a written opinion. On May 13, 2024, Johnson filed a motion to reconsider, complaining for the first time that the trial court improperly conducted the SVP proceedings after the imposition of sentence and after the court lost its jurisdiction. The trial court did not rule on this motion. Johnson then filed a notice of appeal on May 23, 2024.[6] Both Johnson and the trial court have complied with Pa.R.A.P. 1925.

_____

[6] The Commonwealth filed a motion to quash Johnson's appeal as untimely, arguing that although his notice of appeal was dated May 16, 2024, it was not filed until May 23, 2024. *See* Pa.R.A.P. 903(a) (providing that an appellant shall file the notice of within thirty days after the entry of the order from which the appeal is taken).

Johnson responded that the court did not enter or serve the SVP order on the parties until April 16, 2024. *See* Pa.R.A.P. 108(a)(1) (providing that in computing any period of time under the Rules of Appellate Procedure, the day of entry of an order shall be the day the clerk of the court mails or delivers copies of the order to the parties); *see also* Pa.R.Crim.P. 114(C)(2)(c) (providing that docket entries shall contain the date of service of the order); ***Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa. Super. 2023) (treating an appeal as timely and the time in which to file an appeal as never having started to run in a criminal case where the trial court docket did not indicate service on a party or the date of service). Johnson further stated that he timely filed his notice of appeal on May 16, 2024, thirty days after the trial court entered the SVP order, but the clerk of courts rejected the notice the next day, May 17th. Johnson claims he submitted a corrected notice of appeal on May 17th, but the clerk rejected that filing on May 23rd. *See* Answer to Application to Quash, 6/25/24, at unnumbered 2 (*citing **Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014*)* (stating that "to perfect an appeal from a lower court order, an appellant need only file a notice of appeal with
*(Footnote Continued Next Page)*

Johnson raises the following issue for our review: "Did the trial court err by determining that [Johnson] was [an SVP] when it no longer had jurisdiction in the case?" Johnson's Brief at 7.

As a preliminary matter, we must address the unique procedural posture of this case, as it implicates the timeliness and propriety of Johnson's notice of appeal — specifically, whether it lies from a final judgment of sentence. *See Commonwealth v. Parker*, 173 A.3d 294, 296 (Pa. Super. 2017) (stating that "[a] court may consider the issue of jurisdiction *sua sponte*"); *see also* Pa.R.A.P. 341(a) (permitting appeals from a final order); *Commonwealth v. Lawrence*, 99 A.3d 116, 117 n.1 (Pa. Super. 2014) (stating that in a criminal case, a direct appeal lies from the judgment of sentence).

_____

the clerk of the lower court within the applicable time period allotted by Rule 903[ and a] timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective"). Johnson further noted that the trial court failed to inform him of his right to appeal following its April 16, 2024 SVP determination, which may be construed as a breakdown in the operation of the courts. *See Commonwealth v. Patterson*, 940 A.2d 493, 498-499 (Pa. Super. 2007) (excusing the untimely filing of a notice of appeal where the trial court failed to advise the defendant of their appellate rights).

On July 15, 2024, this Court issued a *per curiam* order denying the Commonwealth's motion to quash, without prejudice to the Commonwealth's right to reraise the issue before the merits panel. In its brief, the Commonwealth again claims that where the trial court's SVP order was dated April 15, 2024, and entered on April 16th, Johnson's filing of the notice of appeal on May 23, 2024, was untimely. We agree with Johnson's points and thus decline to find untimeliness in his appeal.

This Court recognizes

> Ordinarily, the "date of imposition of the sentence is the date the sentencing court pronounces the sentence." However, this Court has explained that in cases involving sexually violent offenses, the determination of whether a defendant is an SVP under SORNA is a component of a judgment of sentence. **See** [**Commonwealth v. Schrader**, 141 A.3d 558, 561-62 (Pa. Super. 2016)] (recognizing that although an SVP designation is a non-punitive collateral consequence of a criminal sentence, it is a component of the judgment of sentence).

> Section 9799.24 (Assessments) of SORNA provides: "After conviction but **before sentencing**, a court shall order an individual convicted of a sexually violent offense to be assessed by" the SOAB. 42 Pa.C.S.A. § 9799.24(a). A defendant may waive his right to a presentence assessment by the SOAB. **See** . . . **Schrader**, 141 A.3d at 561, 563 (explaining the appellant had expressly waived his right to a presentence assessment and SVP determination as part of a negotiated guilty plea)[.] . . .

> * * * *

> "[W]here a defendant pleads guilty and waives a pre-sentence SVP determination, *the judgment of sentence is not final until that determination is rendered*."

**Commonwealth v. Torres**, 327 A.3d 640, 645-46 (Pa. Super. 2024) (some citations omitted and emphases in original).

"[T]he law is quite plain that any number of statutory or other rights and requirements may be waived." **Commonwealth v. Whanger**, 30 A.3d 1212, 1214 (Pa. Super. 2011); **see also Commonwealth v. Wenzler**, 285 A.3d 898 (Pa. Super. 2022) (unpublished memorandum at *4) (reaffirming that this Court's decisions in **Whanger** and **Schrader** establish that "the SVP determination is a 'component of sentence' that must take place before

- 7 -

imposition of the punitive elements of the sentence . . . **unless** the defendant waives his right to a pre-sentencing SVP assessment") (emphasis added).[7]

At this juncture, it is relevant to review Johnson's arguments on appeal. He avers that he did not waive the requirement "that the SVP determination be made before sentencing." Johnson's Brief at unnumbered 11. In support, Johnson argues that he did not provide a written waiver of and thus his "judgment of sentence technically became final on December 16, 2016, and the trial court lacked jurisdiction to issue the SVP determination order." Johnson's Brief at 11. Additionally, he asserts that even if he executed a proper written waiver, the trial court had already closed his case following the continuance issued on November 15, 2017. He contends that the Commonwealth did not object when the trial court closed his case before making any SVP determination. Finally, Johnson relies on **Wenzler**, arguing that the absence of a valid waiver renders the trial court's SVP determination a legal nullity.

The Commonwealth suggests that Johnson waived any complaint about the sequence of his sentencing and SVP assessment because, *inter alia*, he failed to raise any objection prior to filing his motion for reconsideration on May 13, 2024.

---

[7] **See** Pa.R.A.P. 126(b)(1)-(2) (providing that an unpublished non-precedential memorandum decision of the Superior Court, filed after May 1, 2019, "may be cited for [its] persuasive value").

We reiterate that Section 9799.24(a) generally requires the SOAB to evaluate individuals convicted of a sexually violent offense **prior** to sentencing. **See** 42 Pa.C.S.A. § 9799.24(a). Johnson ignores that the certified trial docket and sentencing order reflects that he waived this requirement on November 17, 2016, the date the trial court imposed sentence. **See Whanger**, 30 A.3d at 1214; **see also Schrader**, 141 A. 3d at 561. We reiterate that Johnson himself requested several continuances of the second SVP hearing so that he could obtain medical records. Johnson did not challenge the trial court's jurisdiction at any time before or during the SVP hearing. Instead, he raised it for the first time **after** the SVP order, in a motion for reconsideration. Accordingly, Johnson has waived his claim that the trial court lacked the authority under 42 Pa.C.S.A. § 9799.24(a) to conduct the SVP hearing due to the timing of the sentencing and SVP proceedings. **See** Pa.R.A.P. 302(a) (providing "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"). We thus do not disturb the November 17, 2016 trial court docket entry, which stated that Johnson waived the requirement for the court to enter a SORNA finding prior to sentencing. **See** Docket, 9/22/24, at 10.

Having concluded that Johnson waived the requirement of a SORNA finding prior to sentencing, we hold Johnson's judgment of sentence became final thirty days after the trial court entered the SVP determination order on April 16, 2024. **See Torres**, 327 A.3d at 645; **see also** Pa.R.A.P. 903(a).

Therefore, as previously noted, Johnson's notice of appeal was timely.  *See*

***Lawrence***, 99 A.3d at 117 n.1.

On the merits of Johnson's claim, however, we determine no relief is due.  As stated above, we conclude he has waived his challenge to the timeliness of the SVP determination.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/23/2025